133 So.2d 331 (1961)
Sylvia ROTHSTEIN, Appellant,
v.
JACKSON'S OF CORAL GABLES, INC., a Florida corporation, Appellee.
No. 61-53.
District Court of Appeal of Florida. Third District.
October 2, 1961.
Milton A. Friedman, Miami, for appellant.
Shevin, Goodman & Holtzman, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
PER CURIAM.
Upon the basis of four affidavits and the deposition of appellant, the trial judge entered a summary judgment in favor of the appellee. This appeal is from the summary judgment.
This was an action by the appellant for false arrest which allegedly occurred while she was shopping in the appellee's department store. The affidavits, as well as the deposition of the appellant, show that she had possession of an article of merchandise belonging to the appellee, had placed it around her waist and had proceeded to move away from the rack where the merchandise belonged. No sales personnel were present.
The appellant's main contention in seeking a reversal of the summary judgment, *332 is that the question of probable cause could not be resolved by summary judgment and was a question of fact for the jury. We conclude that the contention is without merit.
Section 811.022, Fla. Stat., F.S.A., in substance provides that a merchant's employee, who has probable cause for believing that goods of the merchant have been unlawfully taken, can recover them by taking the person into custody for the purpose of effecting a recovery. The detention must be in a reasonable manner and for a reasonable length of time.
The facts are not in dispute and were such as could reasonably arouse the suspicions of the appellee's employee and prompt him to determine whether or not the merchandise was being secreted for the purpose of evading payment therefor. Where there is no showing that the actions of the appellee's employee were unreasonable or without basis in fact, such actions, we conclude, fall squarely within the meaning and intent of § 811.022, supra. The question here is whether the appellee's employee had probable cause under the undisputed facts to believe that a larceny had been committed and not whether the appellant was actually guilty of a larceny.
As a general rule, where facts constituting probable cause are in dispute, the question is one for the jury, but if there is no dispute as to such facts, the question is for the court. See 3 Fla.Jur., Arrest, § 21; Dixon v. State, 101 Fla. 840, 132 So. 684. The trial judge was eminently correct in concluding as he did that the affidavits, as well as the appellant's deposition, established as a matter of law that the appellee's employee had probable cause to believe that the goods of his employer had been unlawfully taken and that he could recover them by taking the person into custody and effecting a recovery thereof. There is no showing that the detention was unreasonable either in manner or duration.
The summary judgment appealed is, accordingly, affirmed.