166 So.2d 833 (1964)
C.J. BRYSON, Appellant,
v.
Rollie F. SWANK, Appellee.
No. 63-764.
District Court of Appeal of Florida. Third District.
June 30, 1964.
Rehearing Denied September 10, 1964.
Hendricks & Hendricks, Miami, for appellant.
Roderick Knott, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
*834 HENDRY, Judge.
The defendant appeals from a judgment based on a jury verdict awarding the plaintiff $3,775 compensatory damages and $5,000 punitive damages in an action for assault and battery.
Appellant was a customer at the retail store where appellee was employed. Appellant was returning some merchandise, and appellee was waiting on the appellant. It appears that the parties got into an argument. As a result, appellant struck appellee in the face causing him to fall to the floor and hit the back of his head upon a table.
Appellant, inter alia, claims that the trial court erred in instructing the jury that the plaintiff was entitled to recover punitive damages.
Even though the act was somewhat provoked by the appellee's strong words, this does not prove that the act was not malicious, thereby negating appellee's right to punitive damages.[1] It is true, as appellant contends, that the mere proof of any intentional tort does not ipso facto entitle the plaintiff to punitive damages, but there are some intentional torts, one of which is assault and battery, where the doing of the act supplies the proof of malice. Such a situation arose in the case of Anderson v. Maddox, Fla. 1953, 65 So.2d 299, where a judge struck a lawyer once with his fist after the lawyer had called the judge "a damn liar".
The Supreme Court reversed the summary judgment which had been granted to the judge, dismissing the lawyer's complaint for assault and battery and held:
"We think the appellant was entitled to a determination by a jury of his actual damages, and, if he proved any to the jury's satisfaction, to have the jury fix the amount of punitive damages as well." [Emphasis supplied.] 65 So.2d at 301
It appears to us that the facts of the instant case are such as to require the determination of this case to be controlled by Anderson v. Maddox, supra.
It is evident that in the Anderson case there existed the same "provocation" as is argued exists here, but the court ordered the plaintiff entitled to punitive damages, thereby implying the malice necessary from the striking of the blow.
We have considered appellant's other points, and deem them to be without merit.
Accordingly the judgment appealed is affirmed.
Affirmed.
NOTES
[1] Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214.