396 So.2d 1164 (1981)
Meyer WEISSMAN and Anna Weissman, His Wife, Appellants,
v.
K-MART CORPORATION, Mark Alverez, Metropolitan Dade County, a Political Subdivision of the State of Florida and Carl Barnett, Appellees.
No. 80-1674.
District Court of Appeal of Florida, Third District.
April 7, 1981.
Rehearing Denied May 6, 1981.
*1165 Sidney L. Syna, Miami, for appellants.
Robert A. Ginsburg, County Atty., and Roy Wood, Asst. County Atty., Corlett, Merritt, Killian & Sikes and Gerald E. Rosser, Miami, for appellees.
Before HENDRY, SCHWARTZ and FERGUSON, JJ.
HENDRY, Judge.
Meyer and Anna Weissman, plaintiffs in the trial court, seek review of adverse summary final judgments for the appellees in this suit for false arrest, false imprisonment,[1] and malicious prosecution.
The facts giving rise to the instant suit were somewhat in conflict. On September 12, 1979, the appellants were shopping separately in a K-Mart store on Biscayne Boulevard. Mr. Weissman alleges that he purchased *1166 two items, left the store, and returned a few minutes later. Upon re-entering the store, an employee stapled a colored slip of paper to his prior purchase to allow him to bring it into the store with him. While inside, he opened the bag to ensure that he had bought the right items. In so doing, the staple came off, and he picked up a rubber band from the floor to secure the colored slip to the bag. He then departed the store through an unauthorized side exit. At that point he was approached by appellee Alvarez, K-Mart's chief security officer, who displayed a badge to Mr. Weissman and invited him into the store's security office.
Mr. Alvarez, on the other hand, claims to have observed Mr. Weissman through a one-way mirror, looking around suspiciously with two items in his hand. Mr. Weissman then took a paper bag, colored slip of paper, and rubber band from his pocket. Placing the items in the bag and the colored slip on the outside, he secured it with the rubber band.
The events occurring subsequent to Mr. Alvarez's stop of Mr. Weissman are undisputed. Mrs. Weissman was paged, the police were called, and Dade County officer Barnett arrived within fifteen to twenty minutes. Mr. Weissman was unable to produce a cash register receipt for his purchases; however, he pleaded without success for Alvarez and Barnett to speak with a cashier who would affirm that the items had been paid for.
Mr. Weissman was charged with shoplifting. He signed a document promising to appear in court, and was released on his own recognizance. The entire detention did not exceed thirty minutes.
At Mr. Weissman's trial, the K-Mart cashier on duty on the day in question appeared pursuant to a subpoena issued by defense counsel. The state's main witness, Alvarez, was out of town and failed to appear. As a consequence, the trial judge discharged the case for lack of prosecution.
After the trial, appellants filed their complaint for false arrest, malicious prosecution, slander, and intentional infliction of emotional distress. The trial court granted summary judgment for all appellees. This appeal ensued.[2]
The issue before us is whether the court properly granted appellees summary judgment in light of the facts disclosed.
We first analyze the false arrest claim. Under Florida law, merchants, their employees, and peace officers who comply with the requirements of Section 812.015(3), Florida Statutes (1979), are not civilly liable for false imprisonment or arrest in detaining a person suspected of retail theft. To avoid liability, the person so detaining the suspect must (a) have probable cause to believe merchandise has been taken; (b) detain the suspect in a reasonable manner for a reasonable time; and (c) call a peace officer to the scene immediately after the suspect is taken into custody. Probable cause is also required to make an arrest. Section 812.015(4), (5).
Viewing the evidence most favorably to appellants, Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA), cert. denied, 341 So.2d 291 (Fla. 1976), we must ascertain whether appellees sufficiently complied with the terms of the statute to avail themselves of the protection it affords. Appellants concede that Mr. Weissman was treated courteously, detained in a reasonable manner for a reasonable time, and that an officer was promptly called to the scene. They argue, rather, that probable cause was lacking for the detention and arrest, and that the trial court erroneously took the issue from the jury.
Our state supreme court recently had occasion to examine the probable cause requirement in a malicious prosecution case and held:
"`What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any *1167 particular case is a pure question of fact. The former is exclusively for the court; the latter for the jury. This subject must necessarily be submitted to the jury when the facts are in controversy; the court instructing them what the law is.' . ."
[Citations and emphasis omitted] City of Pensacola v. Owens, 369 So.2d 328, 330 (Fla. 1979) (quoting with approval Glass v. Parrish, 51 So.2d 717 (Fla. 1951)).
Applying this rule of law, we observe that the facts upon which officer Barnett relied in determining whether probable cause existed to arrest Mr. Weissman for theft were not in dispute. The trial court was thus competent to determine this issue as a matter of law. We are satisfied, moreover, that the issue was correctly decided. The information furnished to officer Barnett by Mr. Alvarez was sufficient to provide him with probable cause to believe that Mr. Weissman had shoplifted. See § 812.015(4), Fla. Stat. (1979). First hand knowledge by an officer is not required; the receipt of information from someone who it seems reasonable to believe is telling the truth is adequate. Salas v. State, 246 So.2d 621 (Fla. 3d DCA 1979); Walker v. State, 196 So.2d 8 (Fla. 3d DCA 1967). See 1969 Op.Att'y Gen.Fla. 069-6 (Feb. 18, 1969). Facts constituting probable cause for an arrest need not meet the standard of conclusiveness and probability required of circumstantial facts upon which conviction must be based. State v. Outten, 206 So.2d 392 (Fla. 1968). We hold that summary judgment was properly entered for appellees Barnett and Dade County on the false arrest claim.
We find otherwise with respect to Mr. Alvarez and his employer, K-Mart. Since there was conflicting testimony, the existence of probable cause by Mr. Alvarez to detain and effect the arrest of Mr. Weissman should have gone to the jury for resolution. City of Pensacola v. Owens, supra. While recognizing that the statute does not explicitly require a merchant or employee to investigate potential alibis raised by the suspect, on retrial Mr. Alvarez' failure to speak with the cashier must be taken into account in determining the existence of probable cause. See Jefferson Stores, Inc. v. Caudell, 228 So.2d 99 (Fla.3d DCA 1969).
We caution, however, that the degree of probable cause necessary to support a temporary detention of a suspected shoplifter by a merchant or a merchant's employee does not reach the level of probable cause required to support a later prosecution. Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla.3d DCA 1980); Food Fair Stores, Inc. v. Kincaid, 335 So.2d 560 (Fla. 2d DCA 1976); Rothstein v. Jackson's of Coral Gables, Inc., 133 So.2d 331 (Fla. 3d DCA 1961). With this in mind, and finding the existence of material issues of fact, the summary judgment granted to appellees Alvarez and K-Mart on the false arrest claim is reversed.
Now directing our attention to appellants' other cause of action, we note that the limited protection afforded by Section 812.015 does not extend to claims of malicious prosecution. Six elements must be established by the plaintiff in a malicious prosecution case: (1) a criminal proceeding was commenced or continued against the plaintiff; (2) the defendant commenced or caused the commencement of such proceedings; (3) the criminal proceeding had a bona fide termination in the plaintiff's favor; (4) there was no probable cause for commencing criminal proceedings; (5) the defendant acted with malice; and (6) the plaintiff suffered damage. Shidlowsky v. National Car Rental Systems, Inc., 344 So.2d 903 (Fla.3d DCA 1977), cert. denied, 355 So.2d 516 (Fla. 1978).
Appellants contend that the trial court's discharge of the case for lack of prosecution constitutes a bona fide termination of the criminal proceedings.
The law is settled that the third element of a malicious prosecution action may be satisfied by either a favorable decision on the merits or a bona fide termination of the proceedings. Gatto v. Publix Supermarket, Inc., supra; Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 *1168 (Fla. 3d DCA 1977); Davis v. McCrory Corp., 262 So.2d 207 (Fla. 2d DCA 1972).
In State v. Anders, 388 So.2d 308 (Fla. 3d DCA 1980), this court found that the trial court's dismissal of criminal charges against the defendant for lack of prosecution was "clearly intended" to be with prejudice (and thus a termination to the proceedings) where the prosecution was unprepared to commence with trial and did not seek a continuance or take a nolle prosse. The trial transcript in the instant case reveals that the underlying criminal proceedings were also dismissed for lack of prosecution, and that the state failed to take any action to keep the case alive.
This court's holding in Freedman v. Crabro Motors, Inc., 199 So.2d 745 (Fla. 3d DCA 1967), also dictates the conclusion that there was a bona fide termination to the proceedings. In that case we determined that the failure of the complaining witness to appear and prosecute, resulting in the dismissal of the charge against the accused, was not bona fide because it was bargained for and obtained by the accused on his promise of restitution. Conversely, a case which results in a dismissal of the charges for failure of the complaining witness to appear and prosecute which is not bargained for is bona fide.
We conclude, therefore, that there was a bona fide termination of the proceedings below, establishing the third element of appellants' claim.[3]
Despite this conclusion, we nonetheless affirm the summary judgment as to officer Barnett and Dade County on the malicious prosecution count, evolving from our previous determination that Barnett had probable cause to detain and ultimately arrest Mr. Weissman.[4]
As for Mr. Alvarez and K-Mart, we find that the facts which would determine whether there was probable cause for these appellees to press criminal charges against Mr. Weissman were contradicted, and thus present a question for the jury. City of Pensacola v. Owens, supra. Specifically, whether Mr. Alvarez should have spoken with the cashier prior to preferring charges must be resolved:
[W]here it would appear to a "cautious man" that further investigation is justified before instituting... proceeding[s], then liability may attach for the failure to do so.
Food Fair Stores, Inc. v. Kincaid, 335 So.2d 560, 563 (Fla.2d DCA 1976); Liabos v. Harman, 215 So.2d 487, 488 (Fla. 2d DCA 1968). The determinative factor is whether the suit was brought without reasonable prospect of success, and dismissal alone does not establish its improbability. City of Pensacola v. Owens, 369 So.2d 328, 330 (Fla. 1979) (England, C.J., concurring).
Upon retrial, appellants will have the burden of proving all six elements of their malicious prosecution claim; a failure on any one element will destroy their cause of action. Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla. 3d DCA 1980); Bieley v. duPont, Glore, Forgan, Inc., 316 So.2d 66 (Fla.3d DCA 1975).
For the reasons stated and upon the authorities cited, the summary judgment as to officer Barnett and Dade County is affirmed; the summary judgment entered in favor of appellees Alvarez and K-Mart is reversed and remanded for proceedings not inconsistent with this opinion.
Affirmed in part; reversed in part, and remanded.
NOTES
[1] False arrest and false imprisonment are different labels for the same cause of action. See Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721, 723 (Fla. 3d DCA 1977).
[2] The Weissman's do not challenge the denial of their claims for slander and intentional infliction of emotional distress on this appeal.
[3] See 1 Harper & James, The Law of Torts § 4.4 (1956): "[I]f the complaint is dismissed either by reason of insufficient evidence or because the complaining witness fails to appear or abandons the prosecution, the proceedings have terminated in the plaintiff's favor."
[4] The trial court's ruling must be sustained if correct, regardless of the reasons therefor. Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980).