442 So.2d 1014 (1983)
Gene DeMARIE, Appellant,
v.
JEFFERSON STORES, INC., Appellee.
No. 83-694.
District Court of Appeal of Florida, Third District.
November 29, 1983.
Rehearing Denied January 16, 1984.
*1015 Michael Lechtman and Steven A. Roberts, North Miami Beach, for appellant.
Fuller & Feingold and Lynn D. Rosenthal, North Miami Beach, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
DeMarie brought an action against Jefferson Stores, Inc. for false arrest and malicious prosecution. The trial court, finding that as a matter of law there was probable cause for DeMarie's arrest and subsequent prosecution for shoplifting and, additionally, that there was no bona fide termination of the prosecution in DeMarie's favor, entered a summary judgment for Jefferson Stores, Inc. DeMarie appeals, and we affirm.
We view, as we must, the evidence most favorably to the appellant. See, e.g., Fisher v. Heilbronner, 425 So.2d 667 (Fla. 3d DCA 1983). The record reflects that on the morning of February 15, 1981, DeMarie went to a Jefferson store and purchased several household items, including wall fasteners commonly used to insert screws in plaster walls. The cost of the fasteners was seventy-nine cents. Upon his return home, DeMarie attempted to use the fasteners, but the plastic casings which envelop the screws crumbled. DeMarie returned to the store that afternoon. He did not bring with him either the defective fasteners or the receipt evidencing their purchase.
According to DeMarie, when he entered the store, he approached a check-out cashier and told the cashier that he wanted to exchange the defective fasteners. The cashier responded that no exchange or refund was possible without the receipt. DeMarie offered to return the defective fasteners; the cashier said a receipt would be necessary. By his own admission, DeMarie did not go to the return or service desk and did not speak to any other employee of the store, but instead proceeded to the rear of the store and "took another package [of fasteners], removed them from the package, placed them in [his] pocket, and threw the package on the floor." He then went to some other departments in the store where he procured some other items. DeMarie proceeded to the front check-out counter where he paid for the visible items, but not the wall fasteners which remained in his pocket. Upon departing the store, DeMarie was confronted by two Jefferson security guards.
The guards, one of whom had observed DeMarie from the time DeMarie removed the fasteners from the package to the time DeMarie exited the store, asked DeMarie to return to the store, took him to a room in the rear, and questioned him about his failure to pay for the fasteners. During this brief detention, DeMarie told the guards the story recounted above and admitted that he did not pay for the fasteners. Jefferson then summoned the police to arrest DeMarie, who was thereafter prosecuted in the County Court on a charge of petty retail theft. When the prosecution terminated with the entry of a nolle prosequi upon DeMarie's successful completion of the Pretrial Intervention and Advocate Program, DeMarie filed suit against Jefferson Stores.
DeMarie's primary contention is that there is a genuine issue of material *1016 fact precluding summary judgment as to whether there was probable cause for his arrest and subsequent prosecution. Since we find that the trial court was correct in determining that as a matter of law probable cause existed, we need not reach DeMarie's secondary contention that the trial court erred in finding that there was no bona fide termination of the prosecution in his favor.[1]
Relying upon Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla. 3d DCA 1981), and Jefferson Stores, Inc. v. Caudell, 228 So.2d 99 (Fla. 3d DCA 1969), DeMarie contends that the failure of Jefferson Stores to verify his story through further investigation must be taken into account in determining the existence of probable cause. While it is true that these cases hold that the failure to verify an explanation is a factor which a jury may take into account in determining the existence of probable cause, Weissman v. K-Mart Corp., 396 So.2d at 1167,[2] or whether the detention of the plaintiff was done in a reasonable manner and for a reasonable length of time, Jefferson Stores, Inc. v. Caudell, 228 So.2d at 101, both cases involved explanations which would arguably dispel any suspicion that a theft had occurred or had been intended. Here, however, DeMarie's explanation was not that he did not intend to take property which did not belong to him, but rather that he fully intended to take such property and had no intent to pay therefor under his apparent view that, under the circumstances, he could invoke some doctrine of self-help. Thus, further investigation, as, for example, talking to the cashier whom DeMarie confronted upon his entry into the store, would not have done anything to dispel any suspicion that DeMarie had unlawfully taken the store's property, but would have simply reinforced the fact that, as far as the cashier was concerned, DeMarie could not exchange property without a receipt and that she had so informed DeMarie.
This brings us to the question of whether DeMarie's subjective mental state, which we will generously assume to have been a good faith belief that he was legally entitled to the goods, presents a jury question on the issue of probable cause to arrest or prosecute him for the theft of those goods. It is apodictic that the mere taking of the property of another does not constitute the crime of theft; it must be shown that the defendant acted with the specific intent to steal the property of another. Uber v. State, 382 So.2d 1321 (Fla. 1st DCA 1980). See State v. Allen, 362 So.2d 10 (Fla. 1978). Thus, at common law, larceny was defined as:
"the felonious taking and carrying away of the personal property of another, which the trespasser knows to belong to *1017 another, without the owner's consent, and with the intent permanently to deprive the owner of his property therein, and convert it to the use of the taker or of some person other than the owner." Fitch v. State, 135 Fla. 361, 365-66, 185 So. 435, 437 (1938) (emphasis supplied).
Accordingly, the defendant's good faith belief that the property taken was rightfully his is a defense to the criminal charge of larceny or theft, Helton v. State, 135 Fla. 458, 185 So. 864 (1939); Groover v. State, 82 Fla. 427, 90 So. 473 (1921); Baker v. State, 17 Fla. 406 (1879), even though the defendant may have been mistaken in his claim of title. Baker v. State, 17 Fla. 406. See also Board of Regents v. Videon, 313 So.2d 433, 435 (Fla. 1st DCA 1975) ("When a taking or appropriation to one's own use is with an honest belief that the taker has the right to take the property ... there is no larceny, even though the taker may have been mistaken.").
The fact, however, that DeMarie's assumed good faith belief that he was entitled to take the wall fasteners without paying for them, however misguided, would be a defense to the criminal charge of theft, does not in any sense mean that there was not probable cause to justify his arrest and prosecution for the theft. Probable cause justifying an arrest or criminal prosecution exists when there is a reasonable ground of suspicion supported by circumstances which warrant a reasonably cautious person to believe that the accused is guilty of the offense charged. Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958); Goldstein v. Sabella, 88 So.2d 910 (Fla. 1956); Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982).
Although what DeMarie thought may be in dispute, the facts pertaining to what he did are not. Such facts clearly show that employees of Jefferson Stores had probable cause to believe that a theft had been committed. DeMarie removed the fasteners from their package, placed them in his pocket, paid for other goods which he visibly displayed at the check-out counter, and was, by his own admission, previously told that there could be no exchanges or refunds without a receipt. From these undisputed circumstances, his felonious intent could be inferred, and probable cause for his arrest and prosecution was clearly established. Even if, arguendo, a fact-finder might have later determined that DeMarie acted in the good faith belief that he was entitled to take these goods and that he was therefore not guilty of the crime of theft, that determination is irrelevant to the question of the existence of probable cause. See Rothstein v. Jackson's of Coral Gables, Inc., 133 So.2d 331 (Fla. 3d DCA 1961). "A person need not be sure of the result of an eventual trial to have probable cause to start a prosecution." Gallucci v. Milavic, 100 So.2d at 377.
Affirmed.
NOTES
[1] A bona fide termination of the prosecution in the plaintiff's favor is an essential element of a malicious prosecution action, Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla. 3d DCA 1981); Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla. 3d DCA 1980), but is not an essential element of a false arrest action. Lack of probable cause, on the other hand, is an essential element of a malicious prosecution action which must be shown by the plaintiff, and the existence of probable cause is a part of the defense to a false arrest action which must be shown by the defendant. Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982). Our conclusion that probable cause indisputably existed is therefore dispositive of both of DeMarie's claims. We note, however, that DeMarie executed a Deferred Prosecution Agreement and Speedy Trial Waiver in return for being accepted as a participant in the pretrial diversion program, with the at least implicit understanding that his case would be nolle prosequied upon his successful completion of the program. While the ultimate nolle prosequi was not bargained for or obtained by DeMarie in return for a promise of payment or restitution, see Freedman v. Crabro Motors, Inc., 199 So.2d 745 (Fla. 3d DCA 1967), it was nonetheless bargained for, and thus would not appear to be a bona fide termination in DeMarie's favor.
[2] Weissman must be read to mean that the failure to verify an explanation goes to the existence of probable cause for the continued detention of the accused. The initial detention necessarily precedes any explanation by the accused and thus any opportunity to verify such explanation. Probable cause to support such initial detention would exist whenever the employees of the store reasonably believed from the circumstances that a customer was secreting store merchandise for the purpose of avoiding paying for such merchandise.