476 So.2d 750 (1985)
Michael PEARCE, Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY and George Woodward, Appellees.
No. 84-2733.
District Court of Appeal of Florida, Fourth District.
October 9, 1985.
Rehearing Denied November 1, 1985.
Mark Perlman of Perlman & Perlow, P.A., Hallandale, for appellant.
Marcia E. Levine of Fazio, Dawson & DiSalvo, Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
This is an appeal of a summary final judgment entered in favor of an insurance company and its superintendent of claims on a malicious prosecution claim by its former adjuster. We affirm.
Plaintiff/appellant, Michael Pearce, filed a complaint against United States Fidelity and Guaranty Company (USF & G), claiming USF & G breached its policy of homeowners insurance by failing and refusing to pay a casualty loss of personal property, by theft from his home. USF & G filed a counterclaim for rescission, alleging Pearce obtained the policy by making material misrepresentations in his application.
*751 Subsequently, with leave of court, USF & G filed an additional counterclaim based on Pearce's alleged participation in defrauding USF & G through fraudulent claims of insureds in auto policies. Pearce had been an adjuster for USF & G. Still later, after his acquittal of criminal charges related to USF & G's second counterclaim, Pearce filed a third-party complaint and counterclaim to USF & G's counterclaim. This was an action for malicious prosecution against USF & G and its superintendent of claims, George Woodward.
USF & G and Woodward answered Pearce's malicious prosecution claim by denying its allegations and as an affirmative defense alleged their immunity from suit for malicious prosecution, pursuant to section 626.989, Florida Statutes (1981). Appellees USF & G and Woodward moved for summary judgment on the malicious prosecution claim, supporting their motion with affidavits. Their motion for summary judgment was granted and Pearce timely appealed.
The uncontradicted facts establish that Pearce was an insurance adjuster for USF & G; that Woodward was and is claims superintendent in USF & G's Fort Lauderdale office; that after Pearce left the company, Woodward observed from claims files handled by Pearce indications of possible claims fraud; that USF & G informed the Division of Insurance Fraud of what it had discovered, and, as requested, furnished further information; that this conduct is called for by section 626.989(5), Florida Statutes; that the Division of Insurance Fraud investigated the suspicious-appearing claims and determined there had been fraud; that some of the participants confessed and one or more implicated Pearce; that on the basis of the Division's recommendation, the state attorney of Dade County issued an information against Pearce and others; that Woodward testified for the state at trial; and that Pearce was ultimately acquitted of the criminal charges, and subsequently initiated his present subject claim.
The issue is whether the immunity granted by section 626.989(6), Florida Statutes (1981), extends to the conduct of the appellees that was the foundation of appellant's claim. We conclude that it does.
Section 626.989(5), Florida Statutes (1981), requires an insurance company to notify the Division of Insurance, on the prescribed Florida Department of Insurance form, of any fraudulent claim it believes is being made, and to supply the Department with such additional relevant information as it may require. Section 626.989(6), Florida Statutes (1981), immunizes the insurer and its employees and agents from liability for libel "or otherwise," for complying with the statute or furnishing the Division with other information it requires under authority granted it in the statute.
Appellant contends the statute should be narrowly construed because it is in derogation of the common law right to sue on whatever appropriate ground. He claims that such communication of information to the Insurance Fraud Division as the company or Woodward engaged in, other than on the prescribed form and in response to Division inquiry under the statute, is not immunized by the statute. He claims USF & G did not do what was prescribed by the statute; rather, that by phone and in person Woodward conveyed information to Division representatives.
Appellees contend there is uncontroverted evidence  Woodward's deposition  that USF & G's phone call to the Division was merely to find out the proper procedure for reporting suspected fraudulent claims; that once Woodward learned what was required statutorily the proper report was filed, and that the meeting with Division personnel occurred, apparently between the phone call and the filing of the report. They argue that they are required by statute to report suspected fraudulent claims, and that whether such reporting is on the prescribed form or not, or whether, in fact, such forms were then in existence, is of no consequence. The appellees say the legislative intent clearly is to facilitate Division *752 investigation of possibly fraudulent insurance claims, and that, to assist in this objective, immunity is granted for reporting suspicions of such fraud.
Additionally, appellees argue that there can be no liability for malicious prosecution unless the defendants caused the commencement or continuance of the criminal proceedings. Here, they say, the Division, having conducted its own independent investigation, rather than the appellees, initiated and prosecuted the criminal action. Woodward played no part in the criminal proceedings other than to testify at trial under subpoena by the state, and by deposition on subpoena from Pearce.
Historically, the elements of an action for malicious prosecution are (1) commencement or continuance of an original civil or criminal judicial proceeding against the present plaintiff; (2) legal causation of that proceeding by the party now being sued; (3) bona fide termination of the former proceeding in favor of the present plaintiff; (4) absence of probable cause for the former proceeding; (5) presence of malice in the former proceeding, and (6) damage to the present plaintiff. Wilson v. O'Neal, 118 So.2d 101 (Fla. 1st DCA 1960). Failure to establish any one element will destroy the cause of action. Weissman v. K-Mart Corporation, 396 So.2d 1164 (Fla. 3d DCA 1981).
In the instant case, we do not think the record clearly shows, as appellees claim, that they did not commence or cause the commencement of the criminal proceedings against Pearce. Woodward's affidavits supporting this contention are ineffectual because he could not know of his own knowledge that the Division initiated the criminal proceedings based on its own investigation and not on appellees' allegations. Had appellees not alerted the Division to their suspicions and provided the Division with information including company claims files, there likely would have been no prosecution of Pearce. True, what appellees did was in conformity with the statutory mandate. However, we see appellees' line of reasoning here as logically leading straight back to whether the statute immunizes appellees from an action for malicious prosecution, rather than as showing an element of malicious prosecution to be lacking.
There appears to be no case law to instruct us on the extent of the immunity furnished insurers and their employees by section 626.989(6). We think comparison of that section with the protection afforded merchants or their employees and law enforcement authorities by section 812.015(3), Florida Statutes, may help us determine the scope of the immunity under section 626.989(6).
Section 812.015(3)(c) states that the taking into custody and detention by a law enforcement officer, merchant, merchant's employee or farmer, if done in compliance with all the requirements of subsection (3) shall not render such person criminally or civilly liable for false arrest, false imprisonment or unlawful detention. The requirements referred to have to do primarily with probable cause to believe the person has unlawfully taken merchandise from the merchant or farm produce from the farm and that taking the person into custody can effect recovery of that property; and with the manner and duration of the detention. It has been determined that the protection of section 812.015 does not extend to claims of malicious prosecution. Weissman, 396 So.2d at 1167.
A comparison of the operative language of section 812.015 and that of section 626.989 reveals much. Section 812.015 speaks specifically to civil or criminal liability for "false arrest, false imprisonment, or unlawful detention." § 812.015(3)(c). Section 626.989(6), on the other hand, speaks to "civil liability for libel or otherwise." Section 812.015 creates an immunity for the persons specified, if they have conformed with the stated requirements, from both civil and criminal prosecution for three stated torts and crimes. Section 626.989(6) immunizes specified persons, if they have done what the section requires or what the Insurance Fraud Division requires pursuant to its authority under the statute, only *753 from civil actions, but these actions are identified as "libel or otherwise." We read this to mean any and all civil causes of action based upon conduct under the statutory section. Thus malicious prosecution is one of the causes of action from which insurers and their employees are immune, if their conduct was within the purview of the section.
It is unsound to say that only reports on the Division-prescribed form and subsequent provision of information are immune from civil prosecution, but that information less formally communicated leaves an insurer or its employee open to suit. For that matter, where the claim is one of malicious prosecution, how does one separate that which may have been communicated informally from that communicated under the statutory formalities? Indeed, what happens if some of the information was communicated both ways? The criminal prosecution of Pearce could not have taken place purely because of whatever informal communication allegedly occurred. Nor is it reasonable to suppose that it was the legislature's purpose to permit possible fraudulent claims to go unpunished unless the Division created a form for reporting suspected fraud and the insurer or its employee used that form to make a report.
The charge here was malicious prosecution. That prosecution may have been based in part on informal communication; but that communication is indistinguishable from information furnished in compliance with the statute. The statute immunizes the insurer and its employees from such a suit.
HERSEY, C.J., and ANSTEAD, J., concur.