529 So.2d 1197 (1988)
Suzette HOOD, etc. Appellant,
v.
ZAYRE CORPORATION Appellee.
No. 87-2237.
District Court of Appeal of Florida, Fifth District.
July 21, 1988.
Rehearing Denied August 24, 1988.
*1198 Dwight Chamberlain and Horace Smith, Jr., P.A., Daytona Beach, for appellant.
Francis J. Carroll of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellee.
COBB, Judge.
The issue in this case is whether the trial court erred in entering a final summary judgment in favor of appellee Zayre Corporation, as against Suzette Hood, as next friend or natural guardian of Sharon Rebecca Davis.
Hood filed a complaint against Zayre, operator of a department store, for false imprisonment, based on the detention of Hood's daughter, Sharon Davis, on shoplifting charges. According to the complaint, the agents or employees of the store acted without probable cause in detaining Davis against her will. Zayre's answer raised section 812.015, Florida Statutes (1985) (immunity for merchants) as an affirmative defense. Zayre moved for summary judgment based on its contention that the store had probable cause to detain Davis and, therefore, under the immunity statute, there could be no civil liability for false imprisonment. Two affidavits were attached to the motion, one from a clerk and one from a security guard of the store. These affidavits supported probable cause for Davis's detention based on the alleged theft of a belt.
The plaintiffs also filed two affidavits. In the first, Sharon Davis stated that while shopping with her mother in the Zayre store she stopped to look at hats. Davis stated that the hats and hat rack that they were looking at were located one aisle away from the belts and that she was always separated from the belt rack by a rack of other merchandise which stood approximately five feet high and was the length of the aisle. Davis stated that although she was in the general area where the belts were sold, she was never close enough to the belts to touch them or look at them to buy. Davis added that as she and her mother left the hat area they walked past the aisle where the belts were sold. Davis stated that they continued to walk to another area of the store where clothes were sold, and that she tried on a dress, but didn't like it so put it back. The parties were stopped as they were leaving the store.
In the second affidavit, Suzette Hood stated that there were no belts sold in the aisle containing the hats and that after the parties looked at the hats they went to another area of the store to look at clothes where her daughter tried on a dress, but decided against buying it. After taking Davis and her mother to the security office, it was determined upon an examination of the belt that Davis was wearing that it was *1199 indeed a worn belt, and the store security officer apologized and dropped the charges.
Several depositions were also filed in the record. In Sharon Davis' deposition, she testified that at one point in the store she "kind of straightened out" her clothes after trying a dress on over them. Davis said this occurred just as she came out of the dressing room. She said that she was accused of taking the belt off the rack and tearing the ticket off, but said that she did not go near the belts except to try on the hat. Davis said she eventually showed the security people where the belt was worn and they decided to forget about the incident.
The trial court entered summary final judgment for Zayre, and the plaintiffs appeal. We reverse.
The ultimate issue to be resolved in this case is whether there was sufficient probable cause to detain Sharon Davis. If probable cause is found to exist, then Zayre would not be liable based on section 812.015, Florida Statutes (Supp. 1986), which provides, inter alia:
(3)(a) A law enforcement officer, a merchant, a merchant's employee, or a farmer who has probable cause to believe that retail or farm theft has been committed by a person and that he can recover the property by taking the person into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the person into custody and detain him in a reasonable manner for a reasonable length of time. In the case of a farmer, taking into custody shall be effectuated only on property owned or leased by the farmer. In the event the merchant, merchant's employee, or farmer takes the person into custody, a law enforcement officer shall be called to the scene immediately after the person has been taken into custody.
(5) A merchant, merchant's employee, or farmer who takes a person into custody, as provided in subsection (3), or who causes an arrest, as provided in subsection (4), of a person for retail theft or farm theft shall not be criminally or civilly liable for false arrest or false imprisonment when the merchant, merchant's employee, or farmer has probable cause to believe that the person committed retail theft or farm theft.
What facts and circumstances constitute probable cause is a pure question of law. The question of whether they exist in any particular case is one of fact. The issue of whether probable cause is present must be submitted to the jury when the facts are in controversy. Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla. 3d DCA 1981); see also City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979) (probable cause requirement in a malicious prosecution case).
Zayre relies on Rothstein v. Jackson's of Coral Gables, Inc., 133 So.2d 331 (Fla. 3d DCA 1961) in support of its claim that the probable cause question here is properly one of law. In Rothstein, the trial court entered a summary judgment in favor of the store in an action for false arrest of an alleged shoplifter. On appeal, Rothstein contended that the question of probable cause could not be resolved by summary judgment since it was a fact question for the jury. The Third District disagreed. After noting the statutory predecessor of section 812.015, the court held that the facts in Rothstein were not in dispute and were sufficient to arouse the employee's suspicion and prompt an inquiry into whether or not the merchandise was being stolen. Since there was no showing that the action of the employee was unreasonable or without basis in fact, the court found they fell squarely within the statutory provision. The court acknowledged the general rule that where facts constituting probable cause are in dispute, the question is one for the jury, but held that the trial judge was correct in concluding as a matter of law that the store's employee had probable cause to believe that the goods had been unlawfully taken.
In the instant case, unlike Rothstein, the facts are not undisputed. A Zayre employee testified via deposition and affidavit that Davis was standing near the belt rack at the time she was fastening her belt, and that this fastening of the belt combined with the ticket on the floor gave rise to the *1200 employee's suspicion that a theft had been committed. In contrast to this testimony, Davis testified in both her deposition and affidavit that she was not at the belt rack, but rather, was looking at the hats, and had only passed the belt rack. Additionally, Davis stated in her deposition that she had straightened out her clothes immediately after coming out of the dressing room after trying on a dress. Since the basic facts underlying the probable cause determination made by the store employee are in dispute, the entry of a summary judgment in this case was improper.
REVERSED.
ORFINGER and DANIEL, JJ., concur.