(846 P.2d 257)

No. 67,939

Martin Melia, *Appellee*, v. Dillon Companies, Inc., *Appellant*.

Opinion filed February 5, 1993.

*Barry E. Warren* and *Bradley S. Russell,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellant.

*Michael R. McIntosh,* of Kansas City, for the appellee.

Before BRISCOE, C.J., RULON, J., and DAVID S. KNUDSON, District Judge, assigned.

KNUDSON, J.: Martin Melia filed suit seeking compensatory and punitive damages against Dillon Companies, Inc., (Dillon) upon allegations of false imprisonment and malicious prosecution. The jury returned a verdict in favor of Melia, awarding compensatory damage of $20,200. The trial court additionally imposed punitive damages of $20,000. Dillon appeals, contending the trial court erred in not granting its motion for directed verdict. We agree and reverse the judgment of the trial court.

Randy Atkin, head of security for the Dillon's store in this case, observed Melia leave the store without paying for a pouch of tobacco. Melia had placed the tobacco in his shirt pocket prior to leaving the store. Atkin stopped Melia in the store's parking lot, at which time Melia stated he had forgotten to pay for the tobacco. Believing he would be allowed to pay for the tobacco, Melia agreed to reenter the store with Atkin.

Once inside the store, Atkin informed Melia the incident would be treated as a shoplifting offense. Melia followed Atkin into a conference room in the store. Melia attempted to explain he had unintentionally left the store without paying for the tobacco, but Atkin refused to listen. Atkin informed Melia that, pursuant to Dillon's policy, the police would be called and a complaint would be filed. Atkin indicated this process would take approximately 45 minutes. Since he had recently been released from the hospital with a heart condition, Melia requested that he be allowed to telephone his wife and explain why he would be late returning home. Atkin initially refused, but later relented and allowed Melia to call his wife.

A police officer arrived at the store and investigated the alleged incident. The officer discussed the incident with Atkin and then took Melia's statement. A notice to appear in municipal court on a charge of theft was issued, and Melia was informed he was free to leave. Melia was held in the conference room approximately one hour. At trial in municipal court, Melia was found not guilty of theft.

In ruling on a motion for directed verdict, the court is required to resolve all facts and inferences reasonably to be drawn from

the evidence in favor of the party against whom the ruling is sought and, where reasonable minds could reach different conclusions based on the evidence, the motion must be denied and the matter submitted to the jury. This rule must also be applied when appellate review is sought on a motion for directed verdict. *Simon v. National Farmers Organization, Inc.,* 250 Kan. 676, 683, 829 P.2d 884 (1992).

## False Imprisonment Claim

In evaluating the merits of Melia's false imprisonment claim, the following provisions of K.S.A. 21-3424 are controlling:

"(1) Unlawful restraint is knowingly and without legal authority restraining another so as to interfere substantially with his liberty.

. . . .

"(3) Any merchant, his agent or employee, who has probable cause to believe that a person has actual possession of and (a) has wrongfully taken, or (b) is about to wrongfully take merchandise from a mercantile establishment, may detain such person (a) on the premises or (b) in the immediate vicinity thereof, in a reasonable manner and for a reasonable period of time for the purpose of investigating the circumstances of such possession. Such reasonable detention shall not constitute an arrest nor an unlawful restraint."

Although 21-3424 is a criminal statute, the merchant's defense set forth in subsection (3) is applicable to civil actions for false imprisonment. *Alvarado v. City of Dodge City,* 238 Kan. 48, 60, 708 P.2d 174 (1985).

Dillon asserts that, in this case, the merchant's defense operated to preclude any recovery for false imprisonment by Melia. According to Dillon, Melia's concealment of the tobacco provided probable cause to believe a theft was occurring. Melia contends the merchant's defense does not apply because mere possession of the tobacco did not establish probable cause to believe he was shoplifting.

Probable cause such as may justify a detention exists where the facts and circumstances within the knowledge of the one who is detaining are sufficient to warrant a person of reasonable caution to believe that the person detained has committed an offense. See *State v. Morin,* 217 Kan. 646, Syl. ¶ 1, 538 P.2d 684 (1975). Here, Melia removed tobacco from a display in the store and concealed it from view by placing it in his shirt pocket. He then left the store without paying for the tobacco. Based on his ob-

servations of these acts, Atkin had probable cause to believe Melia had wrongfully removed the tobacco from the premises.

Melia argues that, under the terms of the statute, possession of property is insufficient grounds for detention where the suspect asserts the taking was an innocent mistake. This argument is not persuasive. Atkin's observation of Melia's actions was sufficient to create probable cause to detain Melia. See *Whitlow v. Bruno's Inc.*, 567 So. 2d 1235, 1238-39 (Ala. 1990) (store manager who observed plaintiff going through checkout line and exiting store without paying for videotape rentals had probable cause to detain plaintiff in spite of plaintiff's claim she forgot to pay the rental fees; summary judgment entered in favor of store on plaintiff's false imprisonment claim); *Prieto v. May Department Stores Company*, 216 A.2d 577, 579 (D.C. App. 1966) (in determining whether probable cause existed to support plaintiff's detention, the court viewed the actions of a store detective based on what he observed rather than what may have been in the mind of plaintiff); *Fields v. Kroger Company*, 202 Ga. App. 475, 475-76, 414 S.E.2d 703 (1992) (Georgia statute precluding recovery for false imprisonment upon a showing that a store owner reasonably believed the person detained was a shoplifter "implicitly recognizes the right of a shop owner to protect himself from shoplifting by detaining a customer who has acted in a suspicious manner").

Although the existence of probable cause is a jury question where the facts are in dispute, the issue becomes a matter of law for the courts where the undisputed facts demonstrate the presence or absence of probable cause. *Stohr v. Donahue*, 215 Kan. 528, Syl. ¶ 4, 527 P.2d 983 (1974). Here, it is uncontested that Melia concealed and failed to pay for merchandise belonging to the store. Consequently, the existence of probable cause in this case is not a jury question.

Melia also asserts the merchant's defense is not applicable because Atkin did not detain Melia for the purpose of conducting an investigation. This assertion is not convincing. Although Atkin did not question Melia about the alleged shoplifting incident, police were called to the store to conduct an investigation. Melia had an opportunity to explain his version of events to the police officer. We hold that, once probable cause exists, the merchant's defense under 21-3424(3) includes the right to reasonably detain

a suspected shoplifter for the sole purpose of investigation by a law enforcement officer.

The evidence in the record, even when viewed in the light most favorable to Melia, indicates that probable cause existed to detain Melia in order to allow police to investigate the alleged shoplifting incident. We conclude the trial court erred in denying Dillon's motion for a directed verdict on Melia's false imprisonment claim.

### Malicious Prosecution Claim

Atkin testified that Melia placed the tobacco in his shirt pocket as soon as he took it from the store shelf. Although Atkin's trial testimony mirrored his prior statements to the police and the municipal prosecutor, it was inconsistent with his description of events in a written report he prepared on the day of Melia's detention. Atkin's report corroborated Melia's statements to the arresting officer and Melia's testimony at trial regarding the point at which Melia placed the tobacco in his pocket.

The elements of malicious prosecution are discussed in *Thompson v. General Finance Co., Inc.*, 205 Kan. 76, 91, 468 P.2d 269 (1970):

"To maintain an action for malicious prosecution the plaintiff must prove that the defendant instituted the proceeding of which complaint is made, that the defendant in so doing acted without probable cause and with malice, that the proceeding terminated in favor of the plaintiff, and that he sustained damages. The plaintiff must prove both malice and lack of probable cause, and unless both are proved, the plaintiff's claim must fail. [Citations omitted.]"

While the discrepancies between Atkin's incident report and his statements to the arresting officer and subsequent testimony at trial could arguably support a claim of malice, the undisputed facts indicate that probable cause existed to charge Melia with theft. Melia concealed merchandise and failed to pay for it before leaving the store. As previously noted, these facts in and of themselves support probable cause to prosecute. Viewing the evidence in a light most favorable to Melia, we conclude the trial court erred in denying Dillon's motion for directed verdict on the malicious prosecution claim.

Having determined that Melia is not entitled to prevail under either theory upon which recovery was sought, we need not discuss the punitive damage issue raised by Dillon.

Reversed.