SCHWARTZ, Chief Judge.
After a jury verdict for the plaintiff Cullen in a shoplifting-malicious prosecution case, the trial judge granted a new trial on the issue of damages only. On this appeal, the defendant KMart, claims, among other things, the right to a judgment in its favor on the ground that it had probable cause for pursuing a criminal action against the plaintiff as a matter of law. Pretermitting the other issues presented, we agree with that position and reverse for entry of judgment in KMart’s favor.
Although many of the circumstances surrounding the incident in question were in hot dispute at the trial, it is ^disputed that while shopping at a KMart in Dade County, Cullen took a tube of Clearasil from a shelf, put it in his pocket and — although he paid for other items — passed through the cashier without doing so for the Clearasil. It seems clear to us that these facts were alone and themselves enough to give the store (and the investigating police officer) probable cause to believe that the customer had stolen the Clearasil, thus precluding a malicious prosecution action as a matter of law. Wheeler v. Corbin, 546 So.2d 723 (Fla.1989); City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979); Gallucci v. Milavic, 100 So.2d 375 (Fla.1958). As was said in a very similar situation in Brookshire Grocery Co. v. Richey, 899 S.W.2d 331, 337 (Tex.App.1995), writ granted (No. 12-93-00013-CV)(July 8, 1996):
[T]he events bearing on probable cause were complete when Richey first went through the check-out procedure and failed to pay for the cigarettes. Subsequent events which may tend to show lack of intent on Richey’s part is no evidence of lack of probable cause.
[[Image here]]
We therefore hold there was an absence of evidence showing a lack of probable cause, a vital element in this case.
*1039 Accord Phillips v. K-Mart Corp., 682 So.2d 1390, 1393 (Ala.Civ.App.1996)(“It is undisputed that Phillips took a shopping cart containing merchandise that was not paid for into the parking lot_ K-Mart and Jones presented evidence of probable cause to believe Phillips may have been guilty of shoplifting. Summary judgment on the claim of malicious prosecution properly disposed of this action. ...”); Delchamps, Inc. v. Morgan, 601 So.2d 442, 445 (Ala.1992)(“Because Morgan undisputedly had a visible pack of cigarettes in her pocket, Mims could have entertained ‘an honest and strong suspicion’ that she had concealed store property. Therefore, the malicious prosecution count should not have been submitted to the jury.”); Ely v. National Super Markets, Inc., 149 Ill.App.3d 752, 759, 102 Ill.Dec. 498, 500 N.E.2d 120, 125 (1986)(“The ... facts ... demonstrate ... probable cause as a matter of law. Defendants have shown a set of facts which create a reasonable suspicion that on the night of December 29, 1982, plaintiff attempted to steal a bottle of diet pills.... We therefore hold that a directed verdict should have been entered for defendants on the malicious prosecution claim .... ”), appeal denied, 114 Ill.2d 544, 108 Ill.Dec. 416, 508 N.E.2d 727 (1987); Melia v. Dillon Cos., 18 Kan.App.2d 5, 8, 846 P.2d 257, 260 (1993)(“Although the existence of probable cause is a jury question where the facts are in dispute, the issue becomes a matter of law for the courts where the undisputed facts demonstrate the presence or absence of probable cause.... Here, it is uncontested that Melia concealed and failed to pay for merchandise belonging to the store. Consequently, the existence of probable cause in this case is not a jury question.”), review denied, (May 7, 1993); Tyson v. Bauland Co., 68 A.D. 310, 316-18, 74 N.Y.S. 59, 63-64 (1902), approved in Tyson v. Bauland Co., 186 N.Y. 397, 403, 79 N.E. 3, 6 (1906)(“The possession of the stolen property by the respondent, notwithstanding her explanation, being sufficient to support a conviction, it cannot be said that it was insufficient to warrant a prosecution. So far, therefore, as the verdict may have been based on the claim of malicious prosecution, it must be regarded as without warrant of law, and the judgment must be reversed.”); Annot., Malicious Prosecution; Possession of Stolen Property as Probable Cause, 172 A.L.R. 1340 (1948), and cases cited; 52 Am. Jur.2d Malicious Prosecution § 159 (1970), and cases cited; see also DeMarie v. Jefferson Stores, Inc., 442 So.2d 1014, 1016 n. 2 (Fla. 3d DCA 1983)(“Probable cause to support [an] initial detention would exist whenever the employees of the store reasonably believed from the circumstances that a customer was secreting store merchandise for the purpose of avoiding paying for such merchandise.”); Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3d DCA 1982); Rothstein v. Jackson’s of Coral Gables, Inc., 133 So.2d 331 (Fla. 3d DCA 1961); cf. Silvia v. Zayre Corp., 233 So.2d 856 (Fla. 3d DCA 1970), cert. denied, 238 So.2d 112 (Fla.1970).
Cullen contends that a jury issue as to probable cause was created because the store’s employees did not further investigate the truth of Cullen’s proffered explanation that he had inadvertently and absentmindedly put the Clearasil in his pocket and had simply forgotten to pay for it when he checked out at the register. We distinguish the cases relied upon for this proposition, Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla. 3d DCA 1981) and Jefferson Stores, Inc. v. Caudell, 228 So.2d 99 (Fla. 3d DCA 1969), as ones which, as we stated in DeMarie, “involved explanations which would arguably dispel any suspicion that a theft had occurred or had been intended.” 442 So.2d at 1016. As in DeMarie itself, this surely cannot be said of this case. Nothing KMart would or could have discovered would have affected the existence of the known facts of the situation. As the court said in Richey:
No cases have been cited by Richey supporting his contention that Brookshire should have investigated Richey’s denial of intent before signing the complaint. .. .Once objective acts themselves justify a reasonable belief that a party had the intent to commit a crime, the complaining party does not have an obligation to confront the plaintiff_ The complaining party has only the duty to state the objective facts known to him and does not himself have to investigate the state of mind or motive of the alleged perpetrator.
Richey, 899 S.W.2d at 337. The rule is similarly stated in 52 Am.Jur.2d Malicious Pro-section § 54, at 219 (1970):
*1040 If the facts are such as to warrant an ordinarily prudent person in believing that another had committed a crime, failure to make further investigation before instituting a prosecution does not constitute a want of probable cause.... [0]ne is not precluded from relying on the defense of probable cause if he ... failed to demand an explanation from [the suspected person] especially where there was no reason to believe that any explanation would materially alter the opinion produced by information already received.
See also Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982), pet for review denied, 429 So.2d 5 (Fla.1983); Annot. Institution of Prosecution on False Information Without Investigation as Showing Lack of Probable Cause, 5 A.L.R. 1688, 1695-1697 (1920), and cases cited. Whether Cullen’s “explanation” would have convinced the trier of fact of his innocence is essentially irrelevant to the objective sufficiency of the stark facts of apparent shoplifting to give rise in the minds of an ordinary storekeeper the reasonable belief that Cullen had stolen its property.[1] Rothstein, 133 So.2d at 331; Gallucci, 100 So.2d at 375. For this reason, the order under review is reversed and the cause is remanded with directions to enter judgment for KMart.
Reversed and remanded.

. To the extent that Food Fair Stores, Inc. v. Kincaid, 335 So.2d 560 (Fla. 2d DCA 1976) may be in conflict with this decision, we disagree with it. Compare also Kelly v. Millers of Orlando, Inc., 294 So.2d 704 (Fla. 4th DCA 1974).