406 So.2d 1257 (1981)
Addie Maude JOHNSON, Appellant,
v.
CITY OF POMPANO BEACH, a Municipal Corporation, M. Dailey and W. Tobey, Appellees.
No. 79-2579.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
*1258 Fred Haddad of Sandstrom & Haddad, Fort Lauderdale, for appellant.
Richard A. Sherman of Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy, Miami, for appellees.
BERANEK, Judge.
Addie Maude Johnson, plaintiff in the trial court, appeals from an adverse summary judgment in an action for (1) malicious prosecution, (2) false arrest and false imprisonment, (3) assault and battery, (4) abuse of process, and (5) conspiracy. Plaintiff concedes summary judgment was properly entered on assault and battery and neither party discusses abuse of process or conspiracy. We thus limit our consideration to the remaining theories. We find that genuine issues of material fact existed concerning probable cause or the absence thereof as it relates to malicious prosecution and false arrest and reverse the final summary judgment entered herein as it pertains to these theories.
In order to state a cause of action for malicious prosecution, a plaintiff must establish a concurrence of six elements:
(1) the commencement or continuation of an original civil or criminal judicial proceeding; (2) its legal causation by the present defendant against the plaintiff; (3) its bona fide termination in favor of the plaintiff; (4) the absence of probable cause for such prosecution; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff.
Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412, 414-415 (Fla. 4th DCA 1980). The defendants/appellees, Dailey and Tobey, law enforcement officers employed by the defendant/appellee, City, were involved in the arrest of Addie Johnson for possession of lottery tickets. Although the arrest occurred on February 16, 1974, charges were not filed until 1975 and were dismissed based upon the 90-day speedy trial rule governing misdemeanors. Lottery tickets were alleged to have been taken *1259 from plaintiff's purse by the officers on the day of the arrest. Plaintiff stated she did not possess lottery tickets and had no idea what one even looked like. The testimony of the police officers and plaintiff was in direct conflict as to the presence of lottery tickets in her purse. Obviously without the tickets there was no probable cause for plaintiff's arrest or prosecution. Under these circumstances we conclude issues of fact existed and summary judgment was thus improper.
Defendants/appellees assert that element (4), an absence of probable cause for prosecution, should have been decided by the court as a matter of law. Where the facts are undisputed, probable cause is a pure question of law for the court; however, where the facts are disputed, the question must be submitted to the jury. City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979). The record in this case presents two distinct versions of the facts surrounding defendant's arrest and prosecution. The police version clearly supports probable cause, but the appellant's factual version is directly contrary and does not support probable cause. Under these circumstances, an issue of fact was presented and the court erred in deciding the issue of probable cause as a matter of law. Moreover, malice may be inferred from a lack of probable cause, Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958), so element (5) is also related to the existence or absence of probable cause. Since the facts pertaining to probable cause were in controversy, the court erred in entering summary judgment as to the malicious prosecution count.
As to false arrest and false imprisonment, plaintiff was required to show that the defendants, in procuring her arrest, exercised unlawful restraint and detained her against her will. Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla. 3d DCA 1977). The issue, once again, is whether probable cause existed upon which defendant should have been arrested. Again, relevant facts as to this issue were in dispute and the trial court improperly granted summary judgment on this count.
The final summary judgment is reversed insofar as it pertains to the malicious prosecution and false arrest and false imprisonment counts. The judgment is affirmed in all other respects.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY and ANSTEAD, JJ., concur.