462 So.2d 595 (1985)
Leonard SUSSMAN, Appellant,
v.
CITY OF DAYTONA BEACH, Victor Hockenberry and Sergeant Gallagher, Appellees.
No. 83-1796.
District Court of Appeal of Florida, Fifth District.
January 24, 1985.
William N. Gambert, Daytona Beach, for appellant.
Alfred A. Green, Jr., Daytona Beach, for appellees.
COBB, Chief Judge.
The appellant, Leonard Sussman, appeals from a directed verdict at the conclusion of his action against the City of Daytona Beach[1] claiming false arrest, false imprisonment, and malicious prosecution. *596 The case arose from an incident which occurred within the City of Daytona Beach when two municipal police officers arrested Sussman and charged him with the unlawful sale of a controlled substance and two counts of unlawful possession of a prescription drug (diazepam and dextropropoxyphene) in a container other than its original one.[2] The state subsequently filed a nolle prosequi on these charges.
At trial Sussman took the stand and gave evidence asserting his innocence. There was no evidence as to the facts upon which the officers relied in making the arrest, since neither officer testified and no investigative file or report was introduced. Nor did the alleged purchaser of the drugs testify. In other words, the sole evidence before the court at the time of the directed verdict was that of the plaintiff, who could not testify as to the nature or extent of the evidence from which the police officers found probable cause to arrest him. Appellant contends that the inferences available from his own testimony entitled him to a jury determination on the issue of probable cause.
In Glass v. Parrish, 51 So.2d 717, 722 (Fla. 1951), the Florida Supreme Court approved the following quotation from an Indiana case:[3]
What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact.
This is an exposition of the majority view on this question. See 87 A.L.R.2d 183, 188-89. It was reaffirmed in the later Florida Supreme Court case of City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979).
In the case of Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3d DCA 1982), it was pointed out that the fact of acquittal or dismissal of criminal charges does not by itself establish the absence of probable cause for purposes of a subsequent civil action for malicious prosecution. In affirming a summary judgment for the defendant city, the Third District stated:
Where no evidence is presented to establish that the criminal charges lacked a probable foundation, summary judgment is proper.
Id. at 1294.
That holding is applicable to the instant case, wherein the issue was not the guilt or innocence of Sussman but whether or not the factual information reasonably relied upon by the police officers provided them probable cause to arrest Sussman. No evidence as to what those facts were was adduced at trial, and the judgment below, therefore, is
AFFIRMED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] The two individual defendants shown in the caption were voluntarily dismissed by the plaintiff at the time of pretrial conference.
[2] The fact that these latter charges were predicated on a statute (§ 893.13(2)(a)7) subsequently determined to be unconstitutional by the Florida Supreme Court does not bear upon the issues of malice and probable cause raised by this appeal. See State v. Walker, 461 So.2d 108, (Fla. 1984).
[3] Cleveland, C., C. & S.L.R. Co. v. Dixon, 51 Ind. App. 658, 96 N.E. 815, 816 (1911).