LETTS, Judge.
In this slip and fall case, the injured plaintiff sued both the owner of the premises and the manufacturer of the floor tiles. After the complaint was filed, it was discovered that the corporate floor tile manufacturer, named as defendant, was not in existence on the date of the accident, though its dissolved predecessor had been owned by members of the same family. Upon making this discovery, admittedly after some strong advice from the trial judge, the plaintiff entered a voluntary dismissal against the corporate-successor tile manufacturer. Thereafter, the trial judge awarded attorney’s fees against the plaintiff under section 57.105, Florida Statutes (1985). We reverse.
As we said in Klein v. Layne, Inc. of Florida, 453 So.2d 203 (Fla. 4th DCA 1984), section 57.105 fees should not be assessed against a plaintiff who initially presents a justiciable issue even though the action subsequently cannot be sustained. The plaintiff in this case did subsequently enter a voluntary dismissal as to the successor corporation. Moreover, it appears there was enough of a connection between the two corporations to negate “a complete absence of a justiciable issue of either law or fact.” Thus, under the dictates of Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), section 57.105 fees should not have been awarded.
REVERSED.
GLICKSTEIN and DELL, JJ., concur.