514 So.2d 68 (1987)
Alfred DORF, Appellant,
v.
Henry USHER, Appellee.
Nos. 85-2217, 4-86-0141.
District Court of Appeal of Florida, Fourth District.
September 9, 1987.
Rehearing Denied November 16, 1987.
Charles W. Musgrove and Phillip T. Crenshaw, West Palm Beach, for appellant.
Patti A. Velasquez of Honigman, Miller, Schwartz and Cohn, West Palm Beach, for appellee.
STONE, Judge.
A landlord who filed an action for malicious prosecution is appealing a summary judgment in favor of the tenant, and an award of attorney's fees pursuant to section 57.105, Florida Statutes (1985). The case arose out of a heated verbal exchange *69 between the parties, allegedly involving threats by the landlord against the tenant. The tenant filed a report with the sheriff and an affidavit with the state attorney's office. The landlord was then charged with disorderly conduct. That case went to trial and a judgment of acquittal was entered by the court. The landlord then brought this action for malicious prosecution. The claim was originally filed in the county court, and was transferred to the circuit court by the tenant.
There are six elements that must be established in order to prove malicious prosecution:
1) the commencement of a judicial proceeding;
2) its legal causation by the present defendant against the plaintiff;
3) its bona fide termination in favor of the plaintiff;
4) the absence of probable cause for the prosecution;
5) malice;
6) damages.
Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931); Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Pearce v. United States Fidelity and Guaranty Co., 476 So.2d 750 (Fla. 4th DCA 1985); Johnson v. City of Pompano Beach, 406 So.2d 1257 (Fla. 4th DCA 1981).
The trial court found that there were no material issues of fact, and that the defendant-tenant was entitled to summary judgment with respect to two of these criteria, legal causation and absence of probable cause. Although some of the facts may be in dispute, the trial court correctly found that there was no dispute with respect to the material facts on those elements. Probable cause then became a question of law for the court. City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979); Johnson v. City of Pompano Beach, 406 So.2d 1257 (Fla. 4th DCA 1981).
Where the defendant in a malicious prosecution action simply gives a statement of fact to the authorities, (assuming he does not know it to be false), and leaves the decision to prosecute solely in the hands of the authorities, who have the opportunity to conduct an independent evaluation, he is not regarded as having instigated the criminal action. Orr v. Belk Lindsey Stores, Inc., 462 So.2d 112 (Fla. 5th DCA 1985). The filing of the action by the state is evidence that there is a reasonable ground to prosecute, despite an acquittal. Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977); Sussman v. City of Daytona Beach, 462 So.2d 595 (Fla. 5th DCA 1985); Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3d DCA 1982). See also Bell v. Anderson, 414 So.2d 550 (Fla. 1st DCA), rev. denied, 424 So.2d 760 (Fla. 1982). In this case there was an investigation by the officer, and the participants were interviewed. An affidavit by the assistant state attorney revealed that her decision to prosecute was based on the investigation, with no outside interference nor persuasion by the tenant. We therefore conclude that the lower court did not err in granting summary judgment for the appellee-tenant.
Having determined that the tenant was entitled to prevail, the trial court awarded him twelve thousand dollars in attorney's fees pursuant to section 57.105, Florida Statutes (1985), which stated:
The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
There is no transcription in the record of either the summary judgment hearing or the hearing on the motion to tax attorney's fees. An award of fees under this statute is not only justified, but is required where there is no justiciable issue of law or fact. State Title & Guaranty Co., Inc. v. Diego Del Valle, 491 So.2d 1314 (Fla. 4th DCA 1986).
The standard for awarding fees under this statute is a difficult one to meet. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). The trial court must find that there was a complete *70 absence of a justiciable issue raised by the losing party. Whitten at 506. In Whitten, the trial judge had made no findings of fact. In this case, the lower court found that a colorable claim did not exist, and that there was a complete absence of a justiciable issue of law or fact. However, this record fails to support a conclusion that the complaint was either frivolously filed or devoid of arguable substance. See Brown v. United States Marble, 505 So.2d 1103 (Fla. 4th DCA 1987); Keyes Co. v. Friedes, 497 So.2d 916 (Fla. 3d DCA 1986); Olsen v. O'Connell, 466 So.2d 352 (Fla. 2d DCA 1985); Klein v. Layne, Inc. of Florida, 453 So.2d 203 (Fla. 4th DCA 1984); Fireman's Fund Insurance Companies v. Rojas, 447 So.2d 1023 (Fla. 3d DCA 1984); Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983); Greenberg v. Manor Pines Realty Corp., 414 So.2d 260 (Fla. 4th DCA 1982); City of Deerfield Beach v. Oliver-Hoffman Corp. of Deerfield Beach, 396 So.2d 1187 (Fla. 4th DCA), rev. denied, 407 So.2d 1104 (Fla. 1981). We therefore reverse the award of attorney's fees to appellee.
LETTS, J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.
GLICKSTEIN, Judge, concurring in part and dissenting in part.
When this case was orally argued, I felt  after consideration  that the trial court had a legitimate basis in the record for awarding the tenant summary judgment and his attorney's fees because of the complete absence of any justiciable issue of fact or law. I still do. Everything that appellant knew at the time the court heard the motion for summary judgment he knew, actually or constructively, when he filed his action for malicious prosecution  specifically, the existence of probable cause and the absence of legal causation by appellee.
The effect of this decision upon the public could be deleterious. Here, the complainant, who reported acts as he perceived them, upon which an independent prosecutorial agency made a decision to proceed judicially, has been subjected to the defense at his own expense of an unwarranted action for malicious prosecution. This decision may provide yet another reason for an apathetic society not to get involved, or assert its rights, or justifiably complain about the misconduct of one of its members, or trust the ability of the judicial system to afford relief and protection after the justifiable assertion of rights.