565 So.2d 812 (1990)
C.A. HANSEN CORPORATION and C.A. Hansen, Inc., Appellants,
v.
WICKER, SMITH, BLOMQVIST, TUTAN, O'HARA, McCOY, GRAHAM & LANE, P.A., Appellee.
No. 89-2800.
District Court of Appeal of Florida, Third District.
July 31, 1990.
Rehearing Denied September 10, 1990.
*813 Kelley, Drye & Warren and G. Morton Good and Edward C. Vining, Jr., Miami, for appellants.
Proenza, White, Huck & Roberts and Morris C. Proenza, Miami, for appellee.
Before BASKIN, GERSTEN and GODERICH, JJ.
BASKIN, Judge.
C.A. Hansen Corporation and C.A. Hansen, Inc., [collectively "Hansen"] appeal a final summary judgment. We reverse.
The trial court entered final summary judgment in Hansen's favor in a negligence action instituted by Standard, Weisberg, Heckerling & Rosow, P.C. [Standard]. This court affirmed on appeal. Standard, Weisberg, Heckerling, and Rosow, P.A. v. C.A. Hansen, Inc., 506 So.2d 420 (Fla. 3d DCA 1987). Thereafter, Hansen sued Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, P.A. [Wicker Smith]; Standard; American Home Assurance Co.; and D'Amato & Lynch,[1] for damages for malicious prosecution. Wicker Smith moved for summary judgment, alleging that the final summary judgment on which Hansen relied did not constitute an adjudication on the merits or a bona fide termination of the proceedings. The trial court granted the motion. Hansen filed this appeal.
A bona fide termination of the underlying lawsuit in plaintiff's favor is an essential element of a malicious prosecution action. Union Oil of Cal. v. Watson, 468 So.2d 349 (Fla. 3d DCA), review denied 479 So.2d 119 (Fla. 1985); DeMarie v. Jefferson Stores, Inc., 442 So.2d 1014 (Fla. 3d DCA 1983); Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla. 3d DCA 1981). To demonstrate the existence of this element, plaintiff must show either a favorable decision on the merits or a bona fide termination of the proceedings. Union Oil; Weissman. The question before us is whether the final summary judgment constituted a favorable termination of the proceedings. Finding that the summary judgment terminated the proceedings in favor of Hansen, we hold that it supports an action for malicious prosecution.
The Restatement (Second) of Torts § 674 Comment j (1977) provides:
Civil proceedings may be terminated in favor of the person against whom they are brought under the rule stated in Clause (b), by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. A favorable adjudication may be by a judgment rendered by a court after trial, or upon a demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken. If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.
A summary judgment is favorable to the prevailing party. The trial court entered the final summary judgment we affirmed in Standard, Weisberg, Heckerling & Rosow, P.C. v. C.A. Hansen, Inc., 506 So.2d 420 (Fla. 3d DCA 1987), based on a finding that there were no genuine issues of material fact and that Hansen was entitled to judgment as a matter of law. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982); Coast Cities Coaches, Inc. v. Dade County, 178 So.2d 703 (Fla. 1965); Graham v. First Marion Bank, 237 So.2d 793 (Fla. 1st DCA 1970); Graff Enter. v. Canal Ins. Co., 213 So.2d 738 (Fla. 1st DCA 1968); Fla.R.Civ.P. 1.510(c). The summary judgment was rendered by a competent tribunal, and thus, satisfies the first Restatement requirement.
*814 We find no merit in appellant's assertion that the summary judgment in Standard, Weisberg was entered on merely technical grounds and was not dispositive of the merits of the issue presented. We recognize an action for malicious prosecution will not lie when the result is not dispositive of the merits, as in Freedman v. Crabro Motors, 199 So.2d 745 (Fla. 3d DCA 1967), where this court denied such an action because plaintiff escaped prosecution by entering an agreement. The final summary judgment on which Hansen relies does not fall into the category of a dismissal on technical grounds. See Union Oil of California, 468 So.2d at 353 n. 4 (dismissals on technical grounds are not on the merits or entirely unreflective of the merits). The summary judgment in Hansen's favor was rendered in a third-party negligence claim against Hansen for indemnity and contribution. The trial court determined that Hansen did not have a duty that would render it liable for indemnity or contribution as described in the five counts of the complaint.
Finally, there is no evidence in the record that the summary judgment was bargained for or obtained by Hansen on his promise of payment or restitution. Freedman. In entering a summary judgment in Hansen's favor in the first action, the trial court considered the merits of the case. Thus, the order was not based on a technical or procedural factor; it constituted a decision on the merits.
Because the final summary judgment determined the underlying lawsuit in a manner favorable to Hansen, we hold as a matter of law that the disposition of the lawsuit by final summary judgment constituted a bona fide termination in favor of appellant. Thus, we reverse the final summary judgment in the malicious prosecution action and remand to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Hansen has settled with all parties but Wicker Smith.