JORGENSON, Judge.
C.A. Hansen Corporation and C.A. Hansen, Inc. (C.A. Hansen)[1] appeal from a final judgment in a malicious prosecution action against the law firm of Wicker, Smith, Blomqvist, Tutan, O’Hara, McCoy, Graham & Lane, P.A. (Wicker Smith). We affirm.
This case recurs following our determination that Hansen proved a necessary element in a malicious prosecution action by obtaining a bona fide termination of a third party complaint for indemnity and contribution filed by Wicker Smith. C.A. Hansen Corp. v. Wicker, Smith, Blomqvist, Tutan, O’Hara, McCoy, Graham & Lane P.A., 565 So.2d 812 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 294 (Fla.1991). On remand, the trial court directed a verdict against Hansen on the basis that Wicker Smith’s third party complaint had a reasonable prospect of success upon adjudication. The trial court also struck Hansen’s claims for economic and punitive damages. Hansen now appeals. The issue on this appeal is whether Wicker Smith had probable cause to file the third party complaint against Hansen seeking indemnity and/or contribution.
Hansen, an insurance broker for underwriters at Lloyd’s of London, issued a liability insurance policy to Mark Rose at the request of his insurance agent, National Coverage. The policy purported to insure a 29' cruiser-type vessel powered by two 250hp engines. While the policy was in effect, the vessel collided with another boat killing Michael Whitmire, the driver of the vessel, and injuring David Fogel, a passenger on the other boat.
Hansen prepared a preliminary report to Lloyd’s indicating that it appeared that National Coverage had misrepresented the type of vessel insured. The vessel was a high performance catamaran speedboat with twin 450hp engines. It is undisputed that Lloyd’s would not have underwritten the policy if the vessel had been correctly represented. Lloyd’s appointed the firm of Standard, Weisberg, Heckerling, and Ro-sow, P.A. (Standard Weisberg) to investigate the accident.
Fogel sued Rose and Whitmire’s estate. Following Standard Weisberg’s recommendations, Lloyd’s defended Rose under a reservation of rights and denied coverage to Whitmire’s estate because the policy excluded Whitmire from coverage. Fogel dropped Rose from the suit and amended his complaint against Whitmire’s estate alleging that Whitmire was insured under the omnibus clause of the insurance policy. The attorneys representing Whitmire’s estate advised Standard Weisberg of the amended complaint and notified them that unless Lloyd’s undertook the defense, they would withdraw their defense. Standard Weisberg failed to notify Lloyd’s of the amended complaint, and as a result, Lloyd’s *1338 never undertook the defense. The court entered a judgment against Whitmire’s estate for $16,000,000. Fogel then sued Lloyd’s, Hansen, and Rose’s excess insurance carrier for bad faith refusal to defend the action by Fogel. The parties settled the case.[2]
Lloyd’s sued Standard Weisberg for legal malpractice claiming that Standard Weisberg negligently failed to notify Lloyd’s of the amended complaint. Standard Weisberg’s malpractice carrier hired D’Amato & Lynch and Wicker Smith to defend the malpractice suit. Wicker Smith filed a third party complaint against Hansen for indemnity and/or contribution alleging that Hansen, not National Coverage, had misrepresented the characteristics of the boat. The basis for such allegations was the deposition testimony of Margaret Weiner, National Coverage’s employee. Weiner testified that she described the vessel accurately to Hansen’s employee. Wicker Smith claimed that but for the misrepresentation, the policy would not have been issued, Standard Weisberg would not have been hired, and no malpractice would have occurred. The trial court granted a summary judgment in favor of Hansen on the basis that Standard Weisberg did not have a right to seek contribution and/or indemnity because the parties were not joint tort-feasors.[3]
Hansen sued Wicker Smith for malicious prosecution.[4] This court reversed a summary judgment in favor of Wicker Smith and held that the summary judgment in the third party action was a bona fide termination in favor of Hansen. Wicker Smith, 565 So.2d at 814. After a remand for further proceedings, the trial court directed a verdict against Hansen.
The trial court properly determined that there was probable cause to file the third party complaint for indemnity and/or contribution. Probable cause is “a reasonable ground of suspicion, supported by the circumstances, that the person accused is guilty of the offense charged.” Harris v. Lewis State Bank, 482 So.2d 1378, 1382 (Fla. 1st DCA 1986). In the context of malicious prosecution, Florida courts have quoted with approval the following statement defining probable cause.
It is the attorney’s reasonable and honest belief that his client has a tenable claim that is the attorney’s probable cause for representation (citations), and not the attorney’s conviction that his client must prevail. The attorney is not an insurer to his client’s adversary that his client will win in litigation. Rather, he has a duty ‘to represent his client zealously ... [seeking] any lawful objective through legally permissible means ... [and presenting] for adjudication any lawful claim, issue or defense.’ (Citations omitted.) So long as the attorney does not abuse that duty by prosecuting a claim which a reasonable lawyer would not regard as tenable or by unreasonably neglecting to investigate the facts and law in making his determination to proceed, his client’s adversary has no right to assert malicious prosecution against the attorney if the lawyer’s efforts prove unsuccessful. (Emphasis in original.)
Central Florida Machinery Corp. v. Williams, 424 So.2d 201, 203 (Fla. 2d DCA) (quoting Norton v. Hines, 49 Cal.App.3d 917, 123 Cal.Rptr. 237 (1975), rev. denied, 434 So.2d 886 (Fla.1983)). The existence or nonexistence of probable cause is a pure question of law to be determined by the court under the facts and circumstances of each case. City of Pensacola v. Owens, 369 So.2d 328 (Fla.1979). Only when the material facts are disputed is probable cause a question for the jury. Id.
Hansen argues that probable cause was a question for the jury because the facts were in dispute. Hansen asserts that there was evidence that National Coverage and not Hansen had misrepresented the *1339 characteristics of the boat. Although there was conflicting evidence as to the misrepresentation of the boat, the existence of the evidence was undisputed. Just because conflicting evidence exists does not mean probable cause is a jury question. See Northwest Florida Home Health Agency v. Merrill, 469 So.2d 893 (Fla. 1st DCA)(in a malicious prosecution suit for reporting the termination of a nurse to the Board of Nursing, the court held that whether the defendant had probable cause to report the nurse was a question of law even though the nurse’s testimony denied the truth of the charges leading to the termination), rev. denied, 479 So.2d 118 (Fla.1985). In determining the existence of probable cause to file a third party complaint against Hansen, the relevant question was whether Wicker Smith “had a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant” a reasonable lawyer to regard the claim as tenable. Id. 469 So.2d at 901. Thus, whether or not there was probable cause to file the third party complaint was a question of law. City of Pensacola, 369 So.2d at 330. We conclude that Wicker Smith had a reasonable and honest belief that Standard Weisberg had a tenable claim for indemnity and/or contribution against Hansen. Because resolution of this issue is dispositive, we do not reach the other arguments on appeal.
Affirmed.

. The Appellants will be referred collectively as Hansen.

.Pursuant to the settlement agreement, Lloyd’s paid $3,500,000, three million in excess of the policy limits. Rose's excess insurance carrier paid $3,500,000, and Standard Weisberg contributed $4,400,000.

. This court affirmed per curiam. Standard, Weisberg, Heckerling, and Rosow, P.A. v. C.A. Hansen Inc., 506 So.2d 420 (Fla. 3d DCA 1987).

. Hansen also sued Standard Weisberg and D’Amato and Lynch, but they settled before trial.