WARNER, J.
We affirm the final summary judgment entered against appellant in his suit for damages and declaratory judgment against appellee, The Florida Fish and Wildlife Conservation Commission. Appellant claims that material issues of fact exist as to the proper method for measuring his allegedly illegal cast nets. We agree with the trial court that the officer who detained appellant had a reasonable belief that appellant’s nets were illegal, and that reasonable belief precludes liability under the theories' alleged in appellant’s complaint.
A Florida Marine Patrol officer encountered appellant operating a commércial fishing boat in the Intercoastal Waterway and observed a crewman holding what appeared to be a very large cast net. Pursuant to section 370.021(5)(b), Florida Statutes (1995), the officer conducted an inspection of the boat and found three cast nets, one about sixteen feet, one about fifteen feet, and the other about three feet. After finishing the routine inspection, the officer instructed appellant to return to the dock so that the officer could measure the nets. After measuring the nets and concluding that the two larger ones were of illegal size (exceeding 500 square feet in mesh area), the officer wrote appellant a citation, confiscated the larger nets, and gave appellant a property receipt.
The criminal case stemming from the citation was eventually dismissed when the officer repeatedly failed to appear in court. The cast nets were returned to appellant. As a result of this incident, appellant filed suit 'against appellee for false imprisonment, false arrest, and for violating his civil rights under 42 U.S.C. § 1983. He alleged'that the officer knew his nets were legally sized yet wrongfully detained him anyway by ordering him back to the dock to measure without probable cause.
In granting summary judgment for ap-pellee, the trial court found the officer had probable cause to stop and detain appellant upon belief that his nets were in excess of the constitutional size allowed under, the Net Ban Amendment. See Art. X, § 16 Fla. Const. The court also found that qualified immunity shielded the officer from. liability under section 1983 because he did not violate a clearly established law concerning proper.net measurements when stopping and detaining appellant.
Appellant claims that there is a material issue of fact as to whether his cast net is a “cone-shaped” net which should bé measured in accordance with the formula set forth in Department of Environmental Protection v. Millender, 666 So.2d 882 (Fla.1996). Millender concerned the measurement of a shrimp trawl net, described in the case as “a conical shaped, bag type net that is dragged along the ocean bottom with the shrimp being funneled through the open mouth of the net and captured in the closed end or bag of the net.” Id. at 884 n. 1. On the other hand, a cast net is circular. See Fla. Admin. Code R. 68B-4.002(1). Appellant argues that a cast net takes on the shape of a cone when dragged through the water and therefore should be measured as a cone-shaped net. We do not have to settle that question in this case because a claim for false arrest and false imprisonment will not lie where the officer has probable cause to detain the suspect. See Johnson v. City of Pompano Beach, 406 So.2d 1257, 1259 (Fla. 4th DCA 1981). Here, the officer had probable cause to believe that appellant’s nets were illegal when he visually observed two very large cast nets and reasonably believed them to be of an file- *317 gal size. Indeed, using the formula for measuring circular nets, the nets were illegal. Irrespective of whether that formula is correct, appellant’s detention was still based upon probable cause. Therefore, there were no material issues of fact and appellee was entitled to judgment as a matter of law on appellant’s claim for false imprisonment and false arrest.
With respect to appellant’s section 1983 claim, the trial court entered summary judgment because the officer was protected by qualified immunity. The U.S. Supreme Court has explained qualified immunity as a defense to section 1983 claims as follows:
[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are “shielded from liability fdr civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” Harlow v. Fitzgerald, 457 U.S. [800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)]. What this means in practice is that “whether an official protected by qualified immunity may be held personally hable for an allegedly unlawful official action generally turns on the ‘objective legal reasonableness’ of the action, assessed in fight of tbe legal rules that were ‘clearly .established’ at the time it was taken.” Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (citing Harlow, supra, at 819, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396); see also Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).
In Anderson, we explained that what “clearly established” means in this context depends largely “upon the level of generality at which the relevant ‘legal rule’ is to be identified.” 483 U.S., at 639, 107 S.Ct. 3034, 97 L.Ed.2d 523. “[C]learly established” for purposes of qualified immunity means that “[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the fight of pre-existing law the unlawfulness must be apparent.” Id., at 640, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (citations omitted); see also United States v. Lanier, 520 U.S. 259, 270, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997).
Wilson v. Layne, 526 U.S. 603, 614-15, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).
In this case, appellant’s claim that the law respecting measuring a cast net was established in Millender lacks merit. As noted above, Millender did not deal with cast nets. Therefore, Millender did not “clearly establish” the method of measuring such nets. Since the contours of appellant’s right to use the large cast nets had not been clearly established so that a reasonable officer would understand that what he or she is doing violated that right, the officer could not be held liable under section 1983. Therefore, the officer was protected by qualified immunity.
Affirmed.
PARMER and TAYLOR, JJ., concur.