WARNER, J.
 

 We affirm the final summary judgment in this malicious prosecution action on the authority of
 
 Dorf v. Usher,
 
 514 So.2d 68 (Fla. 4th DCA 1987).
 

 In order to prove a cause of action for malicious prosecution a plaintiff must prove six elements: “1) the commencement of a judicial proceeding; 2) its legal causation by the present defendant against the plaintiff; 3) its bona fide termination in favor of the plaintiff; 4) the absence of probable cause for the prosecution; 5) malice; [and] 6) damages.”
 
 Id.
 
 at 69.
 

 Appellant Hickman showed that a prosecution had been commenced against him for misdemeanor trespass, battery, and petit theft based upon an incident involving the appellee Wyner. He was ultimately acquitted of all charges. However, the trial court determined that the facts were undisputed that Wyner was not the legal cause of the present proceeding and further that probable cause for prosecution was present. As in Dor/,' prior to filing charges against appellant, the officer in charge investigated the case thoroughly and interviewed both the appellant and appellee, obtained other documents and statements, and submitted the report to the state attorney’s office. Both the assistant state attorney assigned to intake evaluation and the assistant state attorney assigned to prosecute reviewed the file and the statements. The intake attorney forwarded the file on for prosecution. The trial attorney filed the charges only after concluding that she had a good faith basis for prosecution. She testified that appel-lee did not pressure the state attorney to prosecute appellant. Under these circumstances, the trial court correctly concluded that no
 
 material
 
 issues of fact remained on the issue of legal causation by the defendant. Although the accounts of the incident from appellant and appellee diverged
 
 *156
 
 on who did what to whom, there was no dispute that even under Hickman’s account Wyner would have justifiably believed that Hickman was trespassing when Wyner came upon him in his neighbor’s home.
 

 The trial court also granted summary judgment on Hickman’s second cause of action which alleged that Wyner owed Hickman a duty to report the incident truthfully to the police. Hickman alleged that Wyner breached this duty when falsely telling officers, among other things, that Hickman grabbed Wyner and forced entry into the house. In so doing, he alleged that “Wyner created a foreseeable zone of harm to Hickman.” As the trial court recognized, this is not a recognized cause of action in Florida. “Florida courts have never recognized a separate tort for ‘negligently’ swearing out a warrant for arrest. Such cases may be brought only in the form of civil suits for malicious prosecution.”
 
 Pokorny v. First Fed. Sav. & Loan Ass’n. of Largo,
 
 382 So.2d 678, 683 (Fla.1980).
 

 Affirmed.
 

 HAZOURI, J., and SHAHOOD, GEORGE A., Senior Judge, concur.