[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16379

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-22644-CV-JEM

YATCELIS MOLINA,

Plaintiff-Appellant,

versus

0115576 JIFFY LUBE INTERNATIONAL, INC.,
f.k.a. American Oil Change Corporation,
d.b.a. Jiffy Lube,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 26, 2009)

Before EDMONDSON, BLACK and SILER,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Yatcelis Molina appeals the district court's grant of summary judgment in favor of Jiffy Lube International, Inc. (Jiffy Lube), in Molina's action against Jiffy Lube asserting state law claims for malicious prosecution and false arrest.[1] This appeal raises the following issues: (1) whether Molina established the necessary elements of a malicious prosecution claim, and (2) whether the district court engaged in improper weighing of the evidence.[2] We affirm the district court.

## I. BACKGROUND

Molina was employed by Jiffy Lube at Store No. 805 as a customer service associate. At Store No. 805, the manager and the assistant manager would count the money and prepare the bank deposits, and Molina would take the deposits to the bank. Molina would then get a deposit receipt from the bank, which she would turn over to the manager.

In December 2004, Jiffy Lube discovered Store No. 805 was missing bank deposits. Jiffy Lube conducted an internal investigation, which included

---

[1] Molina did not develop any arguments in her brief regarding her false arrest claim; accordingly, this issue is deemed waived. *Flanigan's Enterprises, Inc. v. Fulton Co.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001).

[2] Molina also raises the issue of whether the district court erred by excluding the sworn testimony of Jiffy Lube's management personnel. We need not decide this issue, however, because Molina has not shown how the inclusion of the sworn testimony would have supported her malicious prosecution claim. Accordingly, even assuming the district court erred by excluding the testimony, Molina has not shown this evidentiary ruling resulted in "substantial prejudice." *Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1232 (11th Cir. 2004).

communicating with the bank employees, reviewing relevant documentation, and conducting employee interviews. The employees who were interviewed, including Molina, identified Molina as the employee who delivered the missing deposits to the bank.

Jiffy Lube contacted Detective James Hobales of the Hialeah Police Department in January of 2005 to report the missing bank deposits. Detective Hobales conducted an extensive independent investigation, including employee interviews and review of the bank surveillance tape. Detective Hobales and his supervisor reported the facts obtained from their investigation to the State Attorney's office. The State Attorney's office also conducted an independent investigation and determined there was probable cause and the case met the necessary threshold to be considered "fileable." The State Attorney's office then filed the criminal case for felony charges against Molina.

## II. MALICIOUS PROSECUTION

Molina argues Jiffy Lube instigated and influenced her arrest and prosecution for the theft of the missing bank deposits. She contends the district court erred by concluding she failed to establish the necessary elements of a malicious prosecution claim against Jiffy Lube.

To establish a *prima facie* case of malicious prosecution, a plaintiff must prove six elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding, (3) its *bona fide* termination in favor of the present plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damage conforming to legal standards resulting to plaintiff. *See Jones v. State Farm Mut. Auto. Ins. Co.*, 578 So. 2d 783, 785 (Fla. 1st DCA 1991). "The failure of a plaintiff to establish *any one* of these six elements is fatal to a claim of malicious prosecution." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (emphasis added).

With regard to the legal causation element, "[w]here the defendant in a malicious prosecution action simply gives a statement of fact to the authorities, (assuming he does not know it to be false), and leaves the decision to prosecute solely in the hands of the authorities, who have the opportunity to conduct an independent evaluation, he is not regarded as having instigated the criminal action." *Dorf v. Usher*, 514 So. 2d 68, 69 (Fla. 4th DCA 1987). An independent investigation by an officer and an independent decision to prosecute by the State Attorney show a lack of legal causation. *Id*.

4

Both the Hialeah Police Department and the State Attorney's office conducted an independent investigation. Detective Hobales carried out the following investigation with regard to the missing bank deposits: (1) he examined and eliminated the possibility that a bank employee took the deposits, (2) he watched several hours of surveillance video to identify whether any Jiffy Lube employees delivered deposits on the dates in question, and (3) he interviewed several witnesses, including the regional manager and the three Jiffy Lube employees with access to the missing bank deposits. Additionally, the State Attorney's office (1) took the testimony of witnesses, (2) gathered factual information, and (3) took sworn statements from Detective Hobales, as well as the manager and regional manager of Store No. 805. After reviewing this information, the Assistant State Attorney determined there was probable cause to file the case. Moreover, there is no evidence Jiffy Lube created false documents to bolster Molina's prosecution. *See Dorf*, 514 So. 2d at 69.

Because both the Hialeah Police Department and the State Attorney's office conduced an independent investigation, Molina has not produced evidence sufficient to show a dispute of fact regarding legal causation. Accordingly, she cannot sustain her cause of action for malicious prosecution against Jiffy Lube.[3]

---

[3] In addition, Molina has also failed to show a want of probable cause or malice. Both the Hialeah Police Department and the State Attorney's Office concluded probable cause existed

## III. IMPROPER WEIGHING OF EVIDENCE

Molina argues the district court engaged in improper weighing of the evidence. She cites three examples to support her contention: (1) the district court gave inordinate credence to Detective Hobales's deposition and the Security Representative's affidavit, (2) the district court made a credibility finding against her, and (3) the district court cited to irrelevant facts.

It is well established "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

None of Molina's examples support a conclusion that the district court improperly weighed the evidence. The district court made factual findings based on admissible evidence submitted at the summary judgment proceeding. Nothing indicates the district court placed "inordinate credence" on Detective Hobales's deposition and the Security Representative's affidavit, and the district court did not make any sort of "credibility finding" against Molina. Molina's argument that the

---

following an independent investigation, and this conclusion is supported by the record evidence. With regard to malice, it cannot be inferred from a lack of probable cause, and there is absolutely no record of gross negligence or great indifference to persons, property, or the rights of others. *Alamo Rent-A-Car, Inc.*, 632 So. 2d at 1357.

6

district court engaged in improper weighing of the evidence in favor of Jiffy Lube is meritless.

## IV.  CONCLUSION

Based on the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Jiffy Lube.

**AFFIRMED.**