DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THERESA RIVERNIDER,**
Appellant,

v.

**STEVEN H. MEYER** and **STEVEN H. MEYER, P.A.,**
Appellees.

No. 4D14-819

[September 9, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward Fine, Judge; L.T. Case No. 2013CA005398XXXXMB.

John J.R. Skrandel and Jerome F. Skrandel of Jerome F. Skrandel, PA, North Palm Beach, and Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

Maria N. Vernace and D. David Keller of Keller Landsberg PA, Fort Lauderdale, for appellees.

WARNER, J.

Appellant challenges a final summary judgment in her malicious prosecution action against appellee, a lawyer whose client obtained a judgment against appellant in the underlying action. The trial court granted summary judgment both on the application of the litigation privilege to bar the claims, as well as on the conclusion that there was no material issue of fact that appellee had probable cause in pursuing the underlying action. Although this Court recently has determined that the litigation privilege did not apply to malicious prosecution actions, we still affirm the grant of summary judgment based upon the trial court's alternative reasoning.

Appellee, Stephen Meyer, represented Sterling Villages of Palm Beach Lakes Condominium Association and secured a judgment in county court against appellant, Theresa Rivernider, for unpaid association dues. On behalf of the association, he filed a garnishment action against Rivernider's tenant. He secured a writ of garnishment, and the tenant began paying

his rent to the association. After the writ was obtained, Meyer filed a motion for contempt against Rivernider, alleging that her property manager (her son-in-law) threatened to drive the tenant out of the condominium if the tenant failed to pay rent to him directly, rather than the association. In addition, the tenant caught the son-in-law vandalizing the unit's air conditioning unit on videotape. The motion alleged that Rivernider had "given her tacit or express permission to [the son-in-law] to engage in [this] criminal conduct[,]" and requested that Rivernider be held in contempt and ordered to pay for the repairs to the air conditioner.

The county court held a hearing during which both the tenant and Rivernider testified. The county court held Rivernider in contempt, finding by clear and convincing evidence that the son-in-law had "intentionally damaged the air conditioning unit for the condominium on several occasions in an effort to drive [the Tenant] out of the condominium so that the [Association] would not collect any rent from him pursuant to the final judgment of garnishment." The court also found "by clear and convincing evidence that [Rivernider] is responsible for the actions of her representative, [the son-in-law], and that he acted with [Rivernider's] knowledge and direction." The court ordered Rivernider to reimburse the tenant the cost of repairing the air conditioner by a certain date, after which the amount would increase by $100 per day until paid.

Rivernider appealed the county court's contempt order to the circuit court, which reversed and remanded. The circuit court found that the county court's order constituted a finding of indirect criminal contempt because it did not impose a purgeable sanction. As such, the circuit court found that the county court should have complied with Florida Rule of Criminal Procedure 3.840(a), which requires orders to show cause regarding indirect criminal contempt be based "on the judge's own motion or on affidavit of any person having knowledge of the facts[.]"

On remand, Meyer complied with Rule 3.840(a) and filed an affidavit from the tenant with his motion for criminal contempt. In the affidavit, the tenant specifically alleged that he "received a telephone message from Mrs. Rivernider telling me that I had to give the rent checks to [the son-in-law] or she would not permit me to live in the condominium." The county court issued an order to show cause as to why Rivernider should not be held in criminal contempt, finding probable cause to believe that she had willfully and intentionally violated the court's order of garnishment.

However, this order was quashed as well after Rivernider filed a petition for writ of prohibition with the circuit court. The circuit court found that the tenant's affidavit did not provide probable cause against Rivernider,

2

because it did not allege that she had personal knowledge of the acts of her son-in-law, although the court noted that it did not think that it was impossible for a sufficient affidavit to be filed. It therefore granted the writ of prohibition and quashed the order to show cause. One judge dissented, finding the affidavit "sufficient to satisfy the requirements of Florida Rule of Criminal Procedure 3.840(a)[.]"

The circuit court's decision prompted Rivernider to file her action for malicious prosecution. While the petition for writ of prohibition was still pending with the circuit court, the association filed a satisfaction of judgment with the county court, noting that the underlying judgment had been paid. Upon the circuit court quashing the order to show cause, the association withdrew its motion for criminal contempt.

After answering and beginning discovery, Meyer moved for summary judgment. The trial court granted summary judgment on two grounds. First, it found that Meyer's actions were protected by the litigation privilege, thus precluding a malicious prosecution action. Second, the court found that probable cause was present to justify the filing of the motion for contempt, and therefore one of the elements of the action for malicious prosecution was absent. As such, the court found that Meyer was entitled to a judgment dismissing the claim. Rivernider appeals this order.

Recently, in *Fischer v. Debrincat*, 40 Fla. L. Weekly D1635 (Fla. 4th DCA July 15, 2015), our Court held that the litigation privilege cannot be applied to bar an action for malicious prosecution where all of the elements of malicious prosecution are satisfied. Here, in its first finding, the trial court stated that Rivernider's claims were barred by the litigation privilege because the contested acts "occurred during and arose out of and were related to and connected with a pending civil action." However, pursuant to *Fischer*, the litigation privilege does not apply in such cases unless an element of malicious prosecution is lacking. Accordingly, considering this first finding alone, the trial court erred in granting final summary judgment based upon the litigation privilege.

However, the court made an alternative ruling, essentially concluding that all of the elements of malicious prosecution had not been satisfied, in that the court found no material dispute that Meyer had probable cause to pursue the criminal contempt against Rivernider. There are six elements to a malicious prosecution claim:

> 1) the commencement of a judicial proceeding; 2) its legal causation by the present defendant against the plaintiff; 3) its

3

bona fide termination in favor of the plaintiff; 4) the absence of probable cause for the prosecution; 5) malice; [and] 6) damages.

*Hickman v. Barclay's Int'l Realty, Inc.*, 16 So. 3d 154, 155 (Fla. 4th DCA 2009), *rev. denied*, 37 So. 3d 847 (Fla. 2010) (quoting *Dorf v. Usher*, 514 So. 2d 68, 69 (Fla. 4th DCA 1987)).

Regarding the absence of probable cause, the Florida Supreme Court has explained:

In an action for malicious prosecution, the question of probable cause is a mixed question of law and fact. When the facts relied on to show probable cause are in dispute, their existence is a question of fact for the determination of the jury; but their legal effect when found or admitted to be true, is for the court to decide as a question of law.

*Mem'l Hosp.-W. Volusia, Inc. v. News-Journal Corp.*, 729 So. 2d 373, 381 (Fla. 1999) (quoting *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1357 (Fla. 1994)); *see also Dorf*, 514 So. 2d at 68 ("Although some of the facts may be in dispute, the trial court correctly found that there was no dispute with respect to the material facts on those elements. Probable cause then became a question of law for the court.").

The Third District has noted that the standard for showing the absence of probable cause is even higher in an action against an attorney, because of the lawyer's duty to the client:

In a malicious prosecution action against attorneys, the plaintiff's standard for showing lack of probable cause appears to be higher than the standard in other malicious prosecution actions. In an action against an attorney, "[i]t is the attorney's reasonable and honest belief that his client has a tenable claim that is the attorney's probable cause for representation, and not the attorney's conviction that [the] client must prevail." *C.A. Hansen Corp. v. Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, P.A.*, 613 So. 2d 1336, 1338 (Fla. 3d DCA 1993) (quoting *Central Fla. Mach. Co., Inc. v. Williams*, 424 So. 2d 201, 203 (Fla. 2d DCA 1983)). An attorney has the duty to represent the client zealously, not to insure that the client will succeed. *C.A. Hansen Corp.*, 613 So. 2d at 1338. Furthermore, so long as the attorney investigates the facts and law, and prosecutes a

claim which a reasonable lawyer would regard as tenable, the plaintiff "has no right to assert malicious prosecution against the attorney if the lawyer's efforts prove unsuccessful." *Id.*

*Endacott v. Int'l Hospitality, Inc.*, 910 So. 2d 915, 920-21 (Fla. 3d DCA 2005); *see also Fee, Parker & Lloyd, P.A. v. Sullivan*, 379 So. 2d 412, 414 (Fla. 4th DCA 1980) (holding that if, following a reasonable investigation of the facts, the attorney "has a reasonable, honest belief that [the] client has a tenable claim, [the attorney] enjoys the same freedom of access to the court as does [the] client. Any more stringent standard would effectively stifle the peaceful resolution of disputes and deny the very justice the courts are intended to administer.").

In the present case, the trial court found:

> [P]robable cause existed. The involvement of [Rivernider] as a principal to the acts of intimidation was inferrable [sic] from her statement to her tenant that the tenant did not realize who he was messing with and other evidence suggesting vandalism and intimidation by her agent [the son-in-law]. Also, though after the fact analysis is not the basis for probable cause, there are the judicial findings in the record which are in accord.

Based on this, Rivernider contends that the trial court relied on the county court's findings which were reversed on appeal. While the second appellate proceeding indeed found that the affidavit failed to provide probable cause to hold Rivernider in criminal contempt, the findings of the judge holding Rivernider in contempt in the first proceeding were not reversed on factual grounds. The appellate court merely found that the procedural requirements of Rule 3.840(a) were not followed. In *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217, 1220 (Fla. 1986), the Florida Supreme Court held that "the issuance of an arrest warrant by a magistrate establishes a presumption of probable cause for purposes of an action for malicious prosecution," but "*only* if the defendant had the opportunity to be heard by the magistrate on the issue of probable cause." *See also Goldstein v. Sabella*, 88 So. 2d 910, 911-12 (Fla. 1956) (finding that a final judgment in favor of the plaintiff in a malicious prosecution suit is conclusive on the issue of probable cause, even if reversed on appeal, unless reversal is predicated on fraud, perjury, or other corrupt means).

In the first proceeding on the contempt charges before the county court, Rivernider had the opportunity to testify, and the county court found that she was not credible and that her manager acted with her knowledge and

5

direction. Thus, she had the opportunity to contest the issue of probable cause. This is not inconsistent with the second appellate panel's finding that the tenant's affidavit was legally insufficient in demonstrating probable cause that Rivernider knew of her son-in-law's actions. The two-judge majority looked solely to the affidavit and commented in the opinion that it was not impossible for probable cause to be stated, particularly in light of the first county court's conclusions that probable cause was found clearly and convincingly.

Thus, because the county court found probable cause for contempt based upon a hearing at which Rivernider was able to contest such a finding, this provides a presumption of probable cause, which was not overcome in any filings to counter the motion for summary judgment. Given the more lenient standard applied to attorneys in bringing their client's claims, the trial court did not err in determining that the appellee had probable cause to prosecute the criminal contempt. Because that element of the malicious prosecution action failed, the court correctly entered final summary judgment.

*Affirmed.*

GROSS and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**