DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRADLEY J. EDWARDS,**
Appellant,

v.

**JEFFREY EPSTEIN** and **SCOTT ROTHSTEIN,**
Appellees.

No. 4D14-2282

[November 12, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 502009CA040800XXXXMB.

Philip M. Burlington of Burlington & Rockenbach, P.A., and William B. King of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, for appellant.

Paul Morris of The Law Offices of Paul Morris, P.A., Miami, and Tonja Haddad Coleman of Tonja Haddad, PA, Fort Lauderdale, for appellee Jeffrey Epstein.

WARNER, J.

Appellant challenges a summary judgment holding that his malicious prosecution claim against appellee Epstein was barred by the litigation privilege. The trial court granted summary judgment based upon *Wolfe v. Foreman*, 128 So. 3d 67 (Fla. 3d DCA 2013), which had decided this issue just before the motion for summary judgment was heard.[1] However, after the trial court ruled, our court held to the contrary in *Fischer v. Debrincat*, 169 So. 3d 1204, 1209 (Fla. 4th DCA 2015), and certified conflict with *Wolfe* to the supreme court. *See also Rivernider v. Meyer*, 174 So. 3d 602, 604 (Fla. 4th DCA 2015) (same). As the issue is the same in this case, we hold that the litigation privilege does not bar a malicious prosecution

---

[1] The trial court properly relied on *Wolfe* at the time, because that case was binding upon the trial court in the absence of interdistrict conflict. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992).

cause of action where all the elements of malicious prosecution are present.

Epstein suggests that this case could be decided on a tipsy coachman analysis, as he alleges that all the elements of the cause of action were not present. However, the trial court specifically found that material issues of fact remained as to the elements of the claim. Based upon the facts presented and the inferences which may be drawn from those facts, we will not disturb the trial court's evaluation.

Just as in *Fischer* and *Rivernider*, we certify that this opinion conflicts with *Wolfe.*

*Reversed and remanded for further proceedings.*

TAYLOR and FORST, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**