OPINION OF THE COURT
Harold Tompkins, J.
The scope of the immunity provided by Insurance Law § 406 for reports to the New York State Insurance Department’s Frauds Bureau is the issue before this court. It arises in the context of plaintiff’s motion to amend his complaint to add a cause of action for negligent misrepresentation and defendant Travelers’ cross motion for summary judgment dismissing the complaint.
*488 Factual Background
Plaintiff Zellermaier is the chief executive officer of General Credit Corporation. General Credit obtained an insurance policy from defendant Travelers on or about April 1, 1998 in which defendant Travelers agreed to insure 13 refrigerated tractor trailers, in which General Credit had a security interest and which were owned by a customer, Ephraim Stem. The trailers disappeared under circumstances indicating theft on or about July 25, 1998. General Credit reported the trailers as stolen and submitted a claim under the policy. Defendant Travelers investigated the claim and filed a report on October 4, 1998 to the New York State Insurance Department, Frauds Bureau as follows: “Insured reported theft of thirteen trailers from premises on 7/27/98. Insured did not directly own trailers but had a lien on them. Need signed statement from owner of trailers, copies of registrations if any, copy of NJ Police Report. Further investigation.”
General Credit also brought an action to recover compensatory damages for the loss under the insurance policy. On March 31, 2000, Justice Jane Solomon dismissed the complaint for General Credit’s failure to establish that a covered loss occurred and for lack of timely notification to Travelers of the loss. Plaintiff’s bill of particulars in this case, annexed to defendant Travelers’ cross motion, states that defendant Travelers filed false and misleading affidavits in that lawsuit. The court notes that the appropriate vehicle to review of purportedly false statements in that lawsuit is the appellate process rather than satellite litigation. On March 30, 2000, plaintiff brought this action seeking $10,000,000 in compensatory damages and punitive damages for the purportedly false statements by Travelers in filing the report to the Frauds Bureau of the Insurance Department.
Insurance Law § 406
Defendant Travelers seeks dismissal based upon plaintiff’s failure to commence this action within one year, as required by CPLR 215. More significantly, it also seeks protection based upon Insurance Law § 406.
Insurance Law § 406 provides that absent fraud or bad faith, a person shall not be subject to civil liability for any information relating to suspected fraudulent insurance transactions furnished to, or for any information furnished in, reports to law enforcement officials or to the insurance Frauds Bureau or the workers’ compensation fraud inspector general. The statute specifically preserves all common-law immunities.
*489 Under the common law, a report to a governmental entity in these circumstances would have a qualified immunity since it was made in the discharge of a private duty where the insurer’s private duty was implicated (see Toker v Pollack, 44 NY2d 211, 219 [1978]; Present v Avon Prods., 253 AD2d 183 [1st Dept 1999], lv dismissed 93 NY2d 1032). Since the common law provides a qualified privilege for communications made where a private duty is involved, the adoption of this statute necessarily provides broader protection than the preexisting common law.
Insurance Law § 406 was originally passed as section 38-e by chapter 720 of the Laws of 1981 as part of the law that established the Frauds Bureau of the Insurance Department. Since there is no case law interpreting the statute, the court must look to the legislative history in construing the law. A copy of the Bill Jacket was obtained by the court and has been filed with this opinion in the county clerk’s file. The bill memorandum indicates that its purpose was to more effectively discover and investigate insurance fraud and to assist law enforcement in the prosecution of fraudulent insurance claims. The Governor’s message on signing the bill noted that “ [i] nsurance-related fraudulent activities result in higher premiums for most types of insurance [and the bill would permit the agency to] more effectively investigate and discover insurance frauds.” (Reprinted in 1981 McKinney’s Session Laws of NY, at 2618.) A broad reading of the immunity provided by the statute therefore accords with the legislative intent. Immunity for reports to the Frauds Bureau will have the effect of encouraging parties who know or suspect fraudulent activity to report this to the Insurance Department. This will serve to discover potential fraud, deter abusive behavior and appropriately punish false claims. A contrary narrow reading would tend to make individuals more cautious in reporting insurance fraud and thus discourage these reports. Such a reading is contrary to the natural import of the statute.
The qualification limiting immunity is fraud or bad faith. The court must construe this to mean intentionally knowing wrongful conduct in the filing of a report to the Frauds Bureau of the Insurance Department. This construction permits the immunity provided by the statute to effectively protect those parties that report fraudulent activity. The balance set by the Legislature favors reports to the Frauds Bureau so that potential fraudulent activity is deterred or can be prosecuted.
*490 Decision
Since plaintiff has not presented evidentiary proof of fraud or bad faith in either the allegations of the complaint or in papers opposing defendant Travelers’ cross motion, the court grants defendant Travelers’ cross motion for summary judgment dismissing the complaint.* Plaintiff’s motion to amend his complaint to an additional cause of action is denied since the proposed new claim for negligent misrepresentation would be barred by Insurance Law § 406’s statutory immunity.

 Plaintiff’s existing three causes of action would also be barred by CPLR 215 since they are based upon the October 4, 1998 statement to the Frauds Bureau and the action was commenced more than one year thereafter on March 30, 2000 when it was filed with the county clerk.
Additionally, since plaintiff is the president of General Credit Corporation and is therefore a person in privity with it, this case is also barred by res judicata since it arises out of the same underlying facts (see O’Brien v City of Syracuse, 54 NY2d 353 [1981]).