GREEN, J.
Appellant, Barbara Saenz, appeals from a final summary judgment entered in favor of Appellees, State Farm Fire and Casualty Company (“State Farm”) and its agent, *65 Richard Goldsmith, on her claims of malicious prosecution and bad faith; and from the dismissal of her breach of contract claim. We affirm.
Saenz bought a house, through foreclosure, in a completely “gutted” state. Between 1988 and 1991, Saenz rebuilt and renovated the house into move-in condition. She moved into the home in January, 1992. Following Hurricane Andrew, Saenz submitted a claim to State Farm, her insurance carrier, for building/personal property coverage and for additional living expenses (“ALE”). In January, 1993, State Farm inspected the home and paid Saenz $497,405.24. This payment was partially based on Saenz’s submission of a contract from a construction company and also included certain personal property benefits paid at actual cash value. Pursuant to its policy, State Farm withheld replacement benefits from Saenz until receipts for the items replaced were produced.
In July, 1993, producing the receipts, Saenz requested additional replacement cost benefits and ALE reimbursement. She was paid an additional $3,466.20 for her personal property. State Farm deferred paying the ALE request without additional proof of claim. In September, 1993, a State Farm representative visited Saenz’s home and determined the house was in the same condition as it had been during the initial post-loss photographs. Thereafter, the State Farm representative discovered that Saenz’s home had been under renovation since May 1986 — years before Hurricane Andrew. In addition, State Farm’s representative searched the public records arid found no indication of the identity of a contractor on the home (despite Saenz’s presentation of the contract from Shear Construction), nor did the records show that any of the renovations on the house were complete prior to Hurricane Andrew. The representative, thereafter, referred this matter to Goldsmith, a team manager for State Farm’s Special Investigative Unit, to investigate for possible fraud.
In October, 1993, Goldsmith contacted Saenz to advise her that she was under investigation for fraud, and requested a post-claim inspection of her records. Saenz, in turn, told Goldsmith that she and her daughter had purchased the home at a foreclosure sale in 1988, that the structure had been completely renovated by December, 1991, and that she didn’t provide State Farm with a certificate of occupancy because she was advised by the city that she need not apply for one. The parties arranged a meeting where Goldsmith would be able to review the bills and receipts regarding the renovations. This meeting was cancelled by Saenz, who was then informed that State Farm would not provide further payments without the submission of the requested proof of renovation.[1]
Goldsmith personally visited the Coral Gables Building and Zoning Department and confirmed that Saenz’s house had been under renovation for years with no evidence that the renovations were completed before Hurricane Andrew. Moreover, Saenz had submitted receipts for the rental of two storage units following the hurricane, and Goldsmith learned that one of these units' had been rented eight months prior to the hurricane. By the end of December, 1993, Saenz had yet to submit her renovation receipts and Goldsmith, pursuant to section 626.989(6), Florida Statutes, referred Saenz’s claim to the Department of Insurance, Division of In- *66 suranee Fraud (“DIF”).[2] DIF assigned the case to Investigator Maureen Murphy-Perez, who conducted her own independent investigation of Saenz. Murphy-Perez went to the Building and Zoning Department, and also subpoenaed both Florida Power and Light and Southern Bell to determine if Saenz had occupied the house prior to Hurricane Andrew. She found that there had been no phone or electrical service in the house. In addition, Murphy-Perez also discovered fraudulent receipts in the claims file which, in her opinion, presented evidence of fraud.
Murphy-Perez issued a complaint/arrest warrant charging Saenz with violations of sections 817.234[3] and 812.014[4], Florida Statutes.
In the arrest affidavit, Murphy-Perez identified five suspicious receipts for reimbursement of personal property that had never been purchased or replaced. Based upon this affidavit, the State Attorney’s office concluded that there was probable cause for the issuance of a criminal information against Saenz. Subsequently, the office decided not to proceed with the criminal prosecution and nolle prossed the charges against Saenz.
Saenz then filed a civil complaint against Goldsmith and State Farm for malicious prosecution and negligence on the part of State Farm in the hiring, training, and supervising of Goldsmith. This complaint, pursuant to an agreed order, was dismissed and Saenz filed an amended complaint. The amended complaint was dismissed by the trial court. Saenz filed a second amended complaint which again claimed that State Farm and Goldsmith should be liable for malicious prosecution because they instituted a criminal complaint against her, and that State Farm was liable in negligence for the hiring, training, and supervision of Goldsmith. In *67 addition, Saenz added a third count against State Farm for bad faith.
Over three years after Saenz filed her original complaint, she filed a motion to amend and a third amended complaint. This complaint again claimed that Goldsmith and State Farm had maliciously and in bad faith accused Saenz of insurance fraud. For the first time, however, this third amended complaint included a count against State Farm for breach of contract. State Farm moved to dismiss this count claiming that it was barred by the statute of limitations.
Before the court could rule on State Farm’s motion, Saenz sought to amend her complaint yet a fourth time to add the State of Florida Department of Insurance and Murphy-Perez as parties. Thereafter, State Farm and Goldsmith moved to dismiss the fourth amended complaint, which was granted as to the breach of contract count. They also filed a motion for summary judgment for the malicious prosecution and negligent hiring claims. Following a hearing, the court granted the motion for summary judgment and entered final summary judgment, finding as a matter of law that State Farm and Goldsmith were immune from liability under Florida Statute 626.989, the Insurance Fraud Statute. The court also found that State Farm and Goldsmith were entitled to judgment on the claim for malicious prosecution, because Saenz “failed to present evidence” that the defendants instituted or continued a criminal prosecution. This appeal followed.
Section 626.989 provides insurers and their employees immunity from civil actions, absent fraud or bad faith, arising out of the furnishing of information required by the statute. Specifically, with regard to immunity, the statute provides that:
In the absence of fraud or bad faith, a person is not subject to civil liability for libel, slander, or any other relevant tort by virtue of filing reports, without malice, or furnishing other information, without malice, required by this section or required by the department or division under the authority granted in this section, and no civil cause of action of any nature shall arise against such person:
1. For any information relating to suspected fraudulent insurance acts furnished to or received from law enforcement officials, their agents, or employees;
2. For any information relating to suspected fraudulent insurance acts furnished to or received from other persons subject to the provisions of this chapter; or
3. For any such information furnished in reports to the department, division, or the National Association of Insurance Commissioners.
§ 626.989(4)(c), Fla. Stat. (1993).
The undisputed record evidence shows that Goldsmith referred this matter to DIF based on Saenz’s failure to document that her home had been under renovation prior to Hurricane Andrew. Thereafter, DIF conducted an independent investigation and determined that Saenz had presented State Farm fraudulent receipts. Following the investigation, the State Attorney’s office found probable cause to bring criminal charges against Saenz. Based upon the undisputed record evidence, we agree with the trial court that as a matter of law, neither Goldsmith nor State Farm acted fraudulently or with bad faith. Thus, we find that the appel-lees were statutorily immune from suit and affirm the final summary judgment. See Zellermaier v. Travelers Indem. Co. of Ill., 190 Misc.2d 487, 739 N.Y.S.2d 922, 924 (N.Y. Gen. Term 2002)(“Since plaintiff *68 has not presented evidentiary proof of fraud or bad faith in either the allegations of the complaint or in papers opposing [summary judgment], the Court grants ... summary judgment[.]”). See also Pearce v. U.S. Fid. & Guar. Co., 476 So.2d 750, 752-53 (Fla. 4th DCA 1985)(“Section [626.989(4)(c) ] immunizes specified persons, if they have done what the section requires or what the Insurance Fraud Division requires pursuant to its authority under the statute ... [from] all civil causes of action based upon conduct under the statutory section.”). Moreover, the fact that the state attorney’s office declined for whatever reason to proceed with its prosecution against Saenz does not vitiate its initial probable cause finding in the fraud matter. Thus, for this additional reason, summary judgment was proper. See Jack Eckerd Corp. v. Smith, 558 So.2d 1060 (Fla. 1st DCA 1990) (legal malice, which is the absence of probable cause, must be proved to recover compensatory damages in malicious prosecution action.).
Likewise, we affirm the court’s dismissal of Saenz’s breach of contract claim on statute of limitation grounds. Florida Statute 95.11 limits the time period to bring an action on a contract or written instrument to five years.[5] This time period, in breach of insurance contract actions, begins to run from the date of the alleged breach. See State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818, 821 (Fla.1996)(statute of limitations for action based on insurer’s failure to pay benefits begins to run when insurer breaches its obligation to pay). According to Saenz’s fourth amended complaint, the breach in this case took place on or before November 23, 1993. The third amended complaint, which first raised the breach of contract count, was filed August 19, 1999, well after the expiration of the limitation period. Accordingly, dismissal was proper.
Affirmed.

. Saenz contends that she provided Goldsmith with a summary of her expenses. Goldsmith, however, claims that he told Saenz that State Farm required documentation reflecting the renovations, not an unverified summary.

. Section 626.989(6) provides in pertinent part that:
any insurer, agent, or other person licensed under the code, or an employee thereof, having knowledge or who believes that a fraudulent insurance act or any other act or practice which, upon conviction, constitutes a felony or a misdemeanor under the code, or under s. 817.234, is being or has been committed shall send to the Division of Insurance Fraud a report or information pertinent to such knowledge or belief and such additional information relative thereto as the department may require.
§ 626.989(6), Fla. Stat. (1992).

. This statute provides in pertinent part that: (l)(a) Any person who, with the intent to injure, defraud, or deceive any insurance company
1. Presents or causes to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim; or
2. Prepares or makes any written or oral statement that is intended to be presented to any insurance company in connection with, or in support of, any claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, ors. 775.084.
§ 817.234(l)(a), Fla. Stat. (1991).

.This statute reads:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
§ 812.014(1), Fla. Stat. (1991).

. Specifically the statute provides:
Actions other than for recoveiy of real property shall be commenced as follows:
* * * *
(2) WITHIN FIVE YEARS.—
[[Image here]]
lb) A legal or equitable action on a contract, obligation, or liability founded on a written instrument.
§ 95.1 l(2)(b), Fla. Stat. (1993).